UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ALVION PROPERTIES, INC., et al.,  )
                                   )
        Plaintiffs,                )
                                   )
             v.                    )   NO. 3:08-0866
                                   )   Judge Trauger/Bryant
BERND H. WEBER, et al.,            )   **Jury Demand**
                                   )
        Defendants.                )

**TO: The Honorable Aleta A. Trauger**

### REPORT AND RECOMMENDATION

Pending are motions to dismiss pursuant to Rule 12(b) filed by defendants Bernd H. Weber (Docket Entry No. 34), Raymonde Weber (Docket Entry No. 64) and Claude J. Chauveau and Bernd H. Weber jointly (Docket Entry No. 102). Defendants in these motions assert lack of subject-matter jurisdiction (all three defendants), lack of personal jurisdiction (Bernd Weber and Raymonde Weber), improper venue (Bernd Weber and Raymonde Weber) and failure to state a claim upon which relief can be granted (Raymonde Weber). Plaintiffs have not filed responses to the motions to dismiss filed by Bernd Weber and Raymonde Weber,[1] but they have responded in

---

[1] After defendants Bernd Weber and Raymonde Weber filed their motions to dismiss based upon lack of jurisdiction, plaintiffs moved for leave to take jurisdictional discovery from these two defendants (Docket Entry No. 67). Defendants Weber responded in opposition (Docket Entry Nos. 73 and 82). The court granted plaintiffs' motion and ordered plaintiffs to file responses to the Weber defendants' motions to dismiss within 14 days following completion of the depositions of the Weber defendants (Docket Entry No. 97). Although the undersigned Magistrate Judge understood that counsel for plaintiffs intended to depose Mr. and Mrs. Weber as soon as those depositions could be obtained, the record does not indicate that those depositions have occurred.

opposition to the motion filed jointly by defendants Weber and Chauveau (Docket Entry No. 109).

For the reasons stated below, the undersigned Magistrate Judge **RECOMMENDS** that the motions to dismiss pursuant to Rule 12(b) filed by defendants Bernd Weber, Raymonde Weber and Claude Chauveau be **DENIED**.

### Summary of Pertinent Allegations

In their amended complaint (Docket Entry No. 26), plaintiffs allege that plaintiff Alvion Properties, Inc. is a Virginia corporation with its principal place of business in Illinois, and that it owns over 4,500 acres of coal reserves located in Virginia and valued at approximately six billion dollars. Plaintiffs allege that, at all pertinent times up to and including the present, plaintiffs Medley and Reynolds each owned 50 percent of the stock of Alvion Properties, Inc.

Plaintiffs allege that in 2005 they met defendant Bernd Weber, who was introduced to them as a successful and experienced international financier who could assist plaintiffs in their goal of "monetiz[ing] Alvion Properties' coal reserves."

Plaintiffs allege that in August 2005 they conducted a three-day meeting with defendant Bernd Weber in Nashville, Tennessee. After Mr. Weber signed a confidentiality and nondisclosure agreement, plaintiffs divulged to Weber "confidential and proprietary information about Alvion Properties and themselves, including information about Alvion Properties' assets, finances,

---

In any event, plaintiffs have not filed responses to the motions to dismiss filed by Bernd Weber and Raymonde Weber.

financial dealings, business contacts, business relationships, trade secrets and goodwill." (Amended complaint, para. 25). Through defendant American Gulf Finance Corp., a company wholly owned and controlled by Weber, and in reliance upon Weber's representations at this Nashville meeting that he possessed the requisite financial contacts and knowledge, plaintiffs employed Weber to assist them as a consultant "to construct the financial vehicle to monetize Alvion Properties' coal reserves." In reliance upon Weber's representations that execution of a Board resolution would be necessary to allow Weber to pursue the financial arrangements for which he had been employed, plaintiffs adopted and signed a resolution granting certain authority to American Gulf and assigning Alvion Properties' coal reserves to that company.

Plaintiffs thereafter appointed Weber as Chief Financial Officer of plaintiff Alvion Properties, Inc. Plaintiffs met Weber "numerous times" in Nashville during the years 2005 through 2008 and delivered to him increasing amounts of confidential and proprietary information about Alvion Properties and themselves.

Plaintiffs allege that in late 2006 Weber approached the Melland Group, LLC, a financial consulting company based in Oregon, about the possibility of using certain financial intellectual property owned by that company to assist in the effort to monetize the coal reserves owned by Alvion Properties, Inc. Weber met and befriended defendant Claude Chauveau, who was Melland's Chief Information Officer.

In summary, plaintiffs allege that defendants Weber and Chaveau formed a plan to misappropriate and convert both the assets

3

of Alvion Properties, Inc., primarily its coal reserves, and the "Melland technology" from their respective owners. Plaintiffs further allege that from late 2007 until the filing of this lawsuit Weber and Chauveau, unilaterally and without authorization, entered into a series of complicated fraudulent transactions, many without plaintiffs' knowledge and employing legal entities created and controlled by Weber and Chauveau, in order to convert the coal reserves of Alvion Properties, Inc. to themselves. Plaintiffs allege that defendants Weber and Chauveau unilaterally and without authorization (1) established a new office for Alvion Properties in Glen Allen, Virginia; (2) unilaterally and without authorization contacted the Virginia State Corporation Commission, removed plaintiffs Medley and Reynolds as officers and directors of Alvion Properties, and installed defendant Bernd Weber as President and Chairman of the Board and his wife, defendant Raymonde Weber, as Secretary/Treasurer of Alvion Properties; (3) unilaterally and without authorization changed the registered agent for service of process of Alvion Properties; (4) unilaterally and without authorization contacted Alvion Properties' banks and sought to freeze or confiscate the company's assets; (5) wrongfully communicated with third parties that they — and not plaintiffs Medley and Reynolds — owned and controlled Alvion Properties; (6) attempted to engage in financial transactions using Alvion Properties' trade name and assets; (7) encumbered, and/or threatened to encumber, the land and coal reserves of Alvion Properties without a legal basis to do so; and (8) used confidential information in an attempt to interfere with Alvion

4

Properties' business relationships, all to the detriment and damage of plaintiffs.

As causes of action against defendants Bernd Weber, Raymonde Weber and Claude Chauveau, plaintiffs assert (1) breach of fiduciary duty; (2) fraud; (3) misappropriation of trade secrets; (4) intentional interference with business relationships; (5) breach of the duty of good faith and fair dealing; (6) conversion; (7) breach of contract (against the Weber defendants); (8) false designation of origin and trademark infringement in violation of the Lanham Act; (9) civil conspiracy; and (10) unjust enrichment.

Plaintiffs seek money damages, both compensatory and punitive, declaratory relief, injunctive relief and an award of attorneys' fees and expenses.

## Analysis

**Lack of subject matter jurisdiction**. Defendants Bernd Weber, Raymonde Weber and Claude Chauveau all raise lack of subject matter jurisdiction as a ground for their motions. Significantly, none of these defendants has filed an affidavit, declaration or other evidence in support of their motions to dismiss.

Federal courts are courts of limited jurisdiction. Aldinger v. Howard, 427 U.S. 1, 15 (1976). Therefore, plaintiffs bear the burden of establishing jurisdiction. Theunissen v. Matthews, 935 F.2d 1454, 1458 (6th Cir. 1991). In reviewing a motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction, all factual allegations in the complaint are accepted as true and construed in the light most favorable to the plaintiff.

5

United States ex rel. McKenzie v. Bellsouth Telecommunications, Inc., 123 F.3d 935, 938 (6th Cir. 1997).

The moving defendants argue that diversity jurisdiction does not exist under 28 U.S.C. § 1332 because plaintiff Reynolds and defendant George Howard, named in the original and amended complaints, are both Tennesseans. Defendants also argue that federal question jurisdiction under 28 U.S.C. § 1331 does not apply because the allegations of the amended complaint fail to state a claim for violation of the Lanham Act, 15 U.S.C. § 1125(a).

In partial response, plaintiffs point out that they have voluntarily dismissed all claims against George Howard, the only nondiverse defendant named in this case (Docket Entry No. 99), and, therefore, that all remaining defendants are diverse from all plaintiffs. Dismissal of a nondiverse defendant has been held to be a method of curing a jurisdictional defect that is an exception to the "time-of-filing rule." See Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 572 (2004). Therefore, it appears from the record that, following dismissal of defendant Howard, diversity of citizenship exists among the parties and that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332. This finding renders it unnecessary to determine at this time whether federal question jurisdiction also exists based upon alleged violations of the Lanham Act.

**Lack of personal jurisdiction**. Defendants Bernd Weber and Raymonde Weber in their motions assert the Court's lack of jurisdiction over their person.

6

A federal district court sitting in diversity must apply the law of the forum state to determine whether it may exercise jurisdiction over the person of a nonresident defendant. Theunissen v. Matthews, 935 F.2d 1454, 1459 (6th Cir. 1991); Welsh v. Gibbs, 631 F.2d 436, 439 (6th Cir. 1980), cert. denied, 450 U.S. 981 (1981). The Tennessee "long-arm statute," codified at Tennessee Code Annotated section 20-2-214, provides for personal jurisdiction of nonresidents in cases arising from (1) the transaction of any business within the state; (2) any tortious act or omission within the state; and (3) "any basis not inconsistent with the constitution of this state or of the United States." Courts have held that this statute was intended by the Tennessee legislature to give to Tennessee citizens the benefit of the full jurisdiction allowable consistent with the due process clause. See Kroger Co. v. Dornbos, 408 F.2d 813, 816 (6th Cir. 1969). Purposeful availment by the defendant of the privilege of acting in, or causing consequences in, the forum state is "the *sine qua non of in personam* jurisdiction." Theunissen v. Matthews, 935 F.2d at 1460 (quoting Southern Machine Co. v. Mohasco Indus., 401 F.2d 374, 381-82 (6th Cir. 1968).

According to allegations in the amended complaint, defendant Bernd Weber attended numerous meetings in Nashville, Tennessee, in furtherance of his dealings with plaintiffs. Specifically, it is alleged that Mr. Weber first met plaintiffs during a three-day meeting in Nashville commencing August 18, 2005. (Amended complaint, para. 24). Weber had "frequent" meetings with plaintiffs in Nashville. (Amended complaint, para. 25.) Weber met

7

plaintiffs in Nashville "numerous times during 2005-2008." (Amended complaint, para. 29). Weber attended an Alvion Properties board meeting in Nashville on July 2, 2007. (Amended complaint, para. 34). On March 12, 2008, Weber met with plaintiffs in Nashville for an Alvion Properties board meeting. (Amended complaint, para. 58). During all of these meetings, Weber allegedly made recommendations and representations in furtherance of his wrongful conduct toward plaintiffs. Construing the allegations in the amended complaint in the light most favorable to plaintiffs, the undersigned Magistrate Judge finds that defendant Bernd Weber has purposefully availed himself of the privilege of acting within Tennessee sufficiently to support personal jurisdiction over him in this case.

The amended complaint does not allege that defendant Raymonde Weber was physically present in Tennessee at any pertinent time, but it does assert that she conspired with her husband, Bernd Weber, to engage in the wrongful actions that caused damage to plaintiffs. Specifically, plaintiffs allege that defendant Raymonde Weber, wrongfully and without authorization, served as Secretary/Treasurer of Alvion Properties as part of the scheme to deprive plaintiffs of their property. (Amended complaint, paras. 69, 71, 74).

Applying state law of the forum to determine whether the Court may exercise jurisdiction over the person of defendant Raymonde Weber, the undersigned Magistrate Judge notes that Tennessee state courts have adopted the conspiracy theory of personal jurisdiction. See <u>Chenault v. Walker</u>, No. W1998-00769-

8

Case 3:08-cv-00866  Document 151  Filed 08/26/09  Page 8 of 12 PageID #: 1027

COA-RM-CV, 2000 WL 145062 (Tenn. Ct. App. Feb. 9, 2000). Under that ruling, when two or more individuals conspire to do something, and one co-conspirator commits overt acts in furtherance of the conspiracy that would subject that nonresident co-conspirator to personal jurisdiction under the long-arm statute, those overt acts are attributable to the other co-conspirators, who therefore become subject to personal jurisdiction in the forum, even if they have no direct contacts with the forum. Id. at * 11.

Here, the allegations of the amended complaint are sufficient to establish personal jurisdiction over defendant Bernd Weber based upon his overt acts within Tennessee. As stated above, the amended complaint alleges that defendant Raymonde Weber acted as a co-conspirator by wrongfully and without authorization assuming the office of Secretary/Treasurer of Alvion Properties in furtherance of her husband's attempts to swindle plaintiffs out of their rights in that company and its assets. Given the obligation to construe the allegations in the amended complaint in the light most favorable to plaintiffs, and in the absence of contrary evidence at this stage of this proceeding, the undersigned Magistrate Judge finds that the record in this case is sufficient to support the Court's personal jurisdiction over defendant Raymonde Weber.

Improper venue. Defendants Bernd Weber and Raymonde Weber in their motions assert that venue is improper in this district. The general venue statute for federal district courts, 28 U.S.C. § 1391(b), states as follows:

> (b) A civil action wherein jurisdiction is not founded solely on diversity of citizenship may,

9

> except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

Subsection (a), which applies to cases in which jurisdiction is based only on diversity of citizenship, also permits a case to be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ." In light of the allegations in the amended complaint describing multiple meetings between plaintiffs and defendant Bernd Weber in Nashville, Tennessee, the undersigned Magistrate Judge finds that "a substantial part of the events or omissions giving rise to the claim" occurred in this district. Therefore, venue here is proper.

<u>Failure to state a claim</u>. Defendant Raymonde Weber, in the caption of her motion to dismiss, lists among other bases for her motion Rule 12(b)(6). Aside from a solitary mention of the Lanham Act, her motion cites absolutely no statutory or case law or other legal authority. Moreover, she has filed no memorandum of law in support of her motion. Local Rule 7.01(a), which governs this case, states in pertinent part as follows:

> Every motion that may require the resolution of an issue of law, in either civil or criminal cases, when filed shall be accompanied by a memorandum of law citing supporting authorities and, where allegations of fact are relied upon, affidavits or depositions in support thereof.

10

In view of defendant Raymonde Weber's failure to file any legal authority in support of her motion, in violation of Local Rule 7.01(a), the undersigned Magistrate Judge finds that her motion to dismiss pursuant to Rule 12(b)(6) should be **DENIED**.

## RECOMMENDATION

For the reasons stated above, the undersigned Magistrate Judge **RECOMMENDS** that the motions to dismiss pursuant to Rule 12 filed by defendants Bernd H. Weber, Raymonde Weber and Claude Chauveau (Docket Entry Nos. 34, 64 and 102) should be **DENIED**.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days from service of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said objections shall have ten (10) days from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).

**ENTERED** this 26th day of August 2009.

        s/ John S. Bryant
        JOHN S. BRYANT
        United States Magistrate Judge