UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ALVION PROPERTIES, INC., et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | NO. 3:08-0866 |
| ) | Judge Trauger/Bryant |
| BERND H. WEBER, et al., ) | **Jury Demand** |
| ) | |
| Defendants. ) | |

**TO: The Honorable Aleta A. Trauger**

### REPORT AND RECOMMENDATION

Defendants Bernd H. Weber and Claude J. Chauveau have filed their "Motion To Dismiss Alvion Properties, Inc." (Docket Entry No. 129), in which they argue in substance (1) that plaintiffs Medley and Reynolds lack standing or authority to bring this lawsuit on behalf of the corporate plaintiff, Alvion Properties, Inc., and (2) that the amended complaint fails to state a claim on behalf of Alvion Properties, Inc. upon which relief can be granted.

Plaintiffs have not responded to this motion.

For the reasons stated below, the undersigned Magistrate Judge **RECOMMENDS** that defendants' motion to dismiss claims of Alvion Properties, Inc. (Docket Entry No. 129) be **DENIED**.

### STANDARD OF REVIEW

It appears to the undersigned Magistrate Judge that defendants Bernd H. Weber and Claude J. Chauveau in this motion make three arguments: (1) that plaintiffs Medley and Reynolds have no legal interest in Alvion Properties, Inc. and, therefore, that these individuals lack standing to cause this lawsuit to be brought

in the name of Alvion Properties, Inc.; (2) that the amended complaint fails to state a claim upon which relief can be granted to Alvion Properties, Inc.; and (3) for the foregoing two reasons Alvion Properties, Inc. has been improperly joined as a plaintiff in this action.

"For purposes of ruling on a motion to dismiss for lack of standing, a complaint must be viewed in the light most favorable to the plaintiff; all material allegations of the complaint must be accepted as true." Dismas Charities, Inc. v. U.S. Dept. of Justice, 401 F.3d 666, 671 (6th Cir. 2005) (quoting Courtney v. Smith, 297 F.3d 455, 459 (6th Cir. 2002)).

It appears that defendants Weber and Chauveau premise their motion, at least in part, upon their unsworn assertion that "from the date Plaintiffs Karnes Medley and Reynolds executed the irrevocable stock powers on September 3, 2007, Plaintiffs Karnes Medley and Reynolds [no longer] had any further legal control of API's stock, and therefore of the corporation, and that as a consequence thereof Plaintiffs Karnes Medley and Reynolds had no legal standing to retain counsel on behalf of API to sue in this matter." (Docket Entry No. 129, para. 7).

In the amended complaint, which at this point in the proceedings must be taken as true and construed in the light most favorable to plaintiffs, plaintiffs allege that they signed the September 3, 2007, stock powers only upon defendant Weber's "repeated representations and assurances that (i) the irrevocable stock powers were absolutely necessary for [Weber] to structure an investment vehicle to monetize Alvion Properties' coal reserves,

2

(ii) the irrevocable stock transfers would be used by Weber solely for the purpose of structuring the investment vehicle, and (iii) the irrevocable stock transfers could be voided at any time and would be voided immediately thereafter." (Amended complaint, para. 37).

Summarizing additional allegations in the amended complaint, plaintiffs allege that defendant Weber breached his fiduciary duty and in essence flimflammed them out of their interests in Alvion Properties, Inc. Plaintiffs specifically seek a declaration that the September 3, 2007, stock powers are null and void, and that they are the rightful owners of Alvion Properties, Inc. and its assets. (Amended complaint, para. 126). The amended complaint further alleges that the wrongful conduct of defendants has caused harm and injury not only to the individual plaintiffs but also to Alvion Properties, Inc. as well. (Amended complaint, para. 122 and others).

To survive a motion to dismiss for failure to state a claim, the allegations "must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Moreover, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570).

Applying the standard of review requiring that the allegations in the amended complaint must be accepted as true and construed in the light most favorable to plaintiffs, the undersigned Magistrate Judge finds that the individual plaintiffs

3

do have standing to assert the claims stated therein, that Alvion Properties, Inc. is a proper plaintiff that has stated a claim for relief that is plausible on its face, and, therefore, that defendant Bernd Weber and Claude Chauveau's motion to dismiss claims of Alvion Properties, Inc. should be denied.

## **RECOMMENDATION**

For the reasons stated above, the undersigned Magistrate Judge **RECOMMENDS** that defendants Weber and Chauveau's motion to dismiss (Docket Entry No. 129) be **DENIED.**

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days from service of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said objections shall have ten (10) days from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).

**ENTERED** this 27th day of August 2009.

> s/ John S. Bryant
> JOHN S. BRYANT
> United States Magistrate Judge