UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

```
ALVION PROPERTIES, INC., et al.,)
                                )
        Plaintiffs,              )
                                )
             v.                  )    NO.  3:08-0866
                                )     Judge Trauger/Bryant
BERND H. WEBER, et al.,         )     Jury Demand
                                )
        Defendants.              )
```

**TO: The Honorable Aleta A. Trauger**

### REPORT AND RECOMMENDATION

Plaintiffs have filed their Motion for Entry of Final Default Judgment (Docket Entry No. 110) against defendants American Gulf Finance Corp., Alvion Partners, LLC, AGF Realty Solutions, Inc. and TimeData Holdings, LLC. Plaintiffs also have filed their Motion To Sever and Enter Final Default Judgment (Docket Entry No. 113) against these same defendants ("the Entity Defendants").

The Clerk has previously entered default against these defendants pursuant to Rule 55(a), Federal Rules of Civil Procedure (Docket Entry No. 108).

For the reasons stated below, the undersigned Magistrate Judge **RECOMMENDS** that plaintiffs' motion for default judgment be **GRANTED** and their motion to sever be **DENIED**.

None of these four Entity Defendants have appeared or otherwise defended this case, and default has been entered against them.

> "A defaulting party 'is taken to have conceded the truth of the factual allegations in the complaint as establishing the grounds for liability as to which damages will be calculated.'" Ortiz-Gonzales

v. Fonovisa, 277 F.3d 59, 62-63 (1st Cir. 2002) (quoting Franco v. Selective Ins. Co., 184 F.3d 4, 9 n.3 (1st Cir. 1999)). As a result of the default, the factual allegations of the complaint relating to liability are taken as true. Dundee Cement Co. v. Howard Pipe & Concrete Products, 722 F.2d 1319, 1323 (7th Cir. 1983). For purposes of entering a default judgment "well-pleaded factual allegations are sufficient to establish a defendant's liability." National Satellite Sports, Inc. v. Mosley Entertainment, Inc., No. 01-CV-74510-DT, 2002 WL 1303039, *3 (E.D. Mich. May 21, 2002).

Hutton Construction, Inc. v. Northeast Florida Contractors, Inc., No. 1:07-CV-187, 20008-WL 2645547 *11 (E.D. Tenn. June 30, 2008).

Plaintiffs by this motion seek certain injunctive relief but no compensatory or punitive money damages beyond their attorneys' fees and costs pursuant to 15 U.S.C. § 1117 and Tenn. Code. Ann. § 47-25-1705.

The undersigned Magistrate Judge, having reviewed the record, including the allegations in the amended complaint and the relief sought by plaintiffs' motion for default judgment, finds that plaintiffs' motion for default judgment should be entered in accord with plaintiffs' proposed final default judgment (Docket Entry No. 110-7) and that plaintiffs' counsel should be ordered to submit appropriate affidavits in support of their claim for attorneys' fees and costs. Because plaintiffs have neither stated a ground for their motion to sever (Docket Entry No. 113) nor filed a memorandum of law as required by Local Rule 7.01(a), the undersigned Magistrate Judge finds that plaintiffs' motion to sever should be denied.

## RECOMMENDATION

For the reasons stated above, the undersigned Magistrate Judge **RECOMMENDS**:

(1) that plaintiffs' motion for entry of default judgment against defendants American Gulf Finance Corp., Alvion Partners, LLC, AGF Realty Solutions, Inc. and TimeData Holdings, LLC be **GRANTED** as stated in plaintiffs' proposed order (Docket Entry No. 110-7);

(2) that plaintiffs' counsel be **ORDERED** to file affidavits or other evidence in support of their claim for costs and attorneys' fees; and

(3) that plaintiffs' motion to sever be **DENIED**.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days from service of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said objections shall have ten (10) days from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).

**ENTERED** this 27th day of August 2009.

                                               s/ John S. Bryant
                                               JOHN S. BRYANT
                                               United States Magistrate Judge