```
                    UNITED STATES DISTRICT COURT
                 FOR THE MIDDLE DISTRICT OF TENNESSEE
                           NASHVILLE DIVISION

ALVION PROPERTIES, INC., et al.,)
                                )
          Plaintiffs,           )
                                )
              v.                )    NO.  3:08-0866
                                )    Judge Trauger/Bryant
BERND H. WEBER, et al.,         )    Jury Demand
                                )
          Defendants.           )
```

**TO: The Honorable Aleta A. Trauger**

## REPORT AND RECOMMENDATION

Defendants Bernd H. Weber and Claude J. Chauveau, proceeding pro se, have filed their motion for summary judgment (Docket Entry No. 146). As grounds for this motion, these defendants assert that the Nondisclosure & Nonsolicitation Agreement dated June 24, 2005 (Docket Entry No. 146, Exhibit A), includes a provision that requires binding arbitration of any disputes arising under this agreement. Defendants assert that the terms of this provision control the claims in this action.

Plaintiffs have responded in opposition to defendants' motion (Docket Entry No. 149).

For the reasons stated below, the undersigned Magistrate Judge **recommends** that defendants' motion for summary judgment be **denied**.

In support of their motion, defendants Weber and Chauveau have filed an unsworn, unauthenticated copy of what appears to be a Nondisclosure & Nonsolicitation Agreement dated June 24, 2005,[1]

---

[1] A copy of this Nondisclosure & Nonsolicitation Agreement is later identified as an exhibit to the declaration of Bernd H.

to which neither plaintiff Medley nor defendant Chauveau are parties, and which defendant Weber has apparently signed only in the capacity of "authorized signatory" for American Gulf Finance Corporation. This filing does not remotely approach satisfying the moving parties' burden under Rule 56 of "show[ing] that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."

Moreover, Local Rule 56.01 requires that any motion for summary judgment be accompanied by "a separate, concise statement of the material facts as to which the moving party contends there is no genuine issue for trial." In addition, Local Rule 7.01 provides in pertinent part: "Every motion that may require the resolution of an issue of law, in either civil or criminal cases, when filed shall be accompanied by a memorandum of law citing supporting authorities and, where allegations of fact are relief upon, affidavits or dispositions in support thereof." Defendants Weber and Chauveau have not filed a statement of undisputed facts or a memorandum of law in support of their motion.

For these reasons, the undersigned Magistrate Judge finds that defendant Weber and Chauveau's motion for summary judgment should be **DENIED**.

### RECOMMENDATION

For the reasons stated above, the undersigned Magistrate Judge **RECOMMENDS** that the motion for summary judgment filed by

---

Weber (Docket Entry No. 163-2) and the affidavit of Lawrence A. Hudson (Docket Entry No. 163-1).

defendants Weber and Chauveau be **DENIED**.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from service of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court.  Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any responses to said objections.  Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).

**ENTERED** this 16th day of February 2010.

>s/ John S. Bryant
>JOHN S. BRYANT
>United States Magistrate Judge