```
                  UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF TENNESSEE
                        NASHVILLE DIVISION

ALVION PROPERTIES, INC., et al.,)
                                )
        Plaintiffs,              )
                                )
             v.                  )   NO.  3:08-0866
                                )   Judge Trauger/Bryant
BERND H. WEBER, et al.,          )   Jury Demand
                                )
        Defendants.              )
```

**To: The Honorable Aleta A. Trauger**

### REPORT AND RECOMMENDATION

Plaintiffs have filed their Amended Motion for Entry of Final Default Judgment (Docket Entry No. 173). By this motion, plaintiffs seek entry of default judgment against the "entity defendants:" – American Gulf Finance Corp., Alvion Partners, LLC, AGF Realty Solutions, Inc. and TimeData Holdings, LLC – all of which have failed to appear or defend in this action.

Defendants Bernd H. Weber and Claude J. Chauveau have filed their response in opposition (Docket Entry No. 177). In this response, defendants Weber and Chauveau make three arguments. First, they concede that at all times relevant the "entity defendants" were operated as alter egos of themselves, and that they controlled these entities completely as their personal bank accounts without regard to corporate formalities or distinct and separate books and records. Second, Weber and Chauveau assert that they caused the entity defendants not to seek legal representation or to appear by legal counsel in this action because of the financial cost of doing so. Finally, Weber and Chauveau argue that because of the legal identity between themselves and the entity

defendants, "ANY entry of a final default or the alternative relief requested by Plaintiffs would constitute fundamental unfairness under the *Alter Ego* doctrine. . . ." (Docket Entry No. 177 at 4). These individual defendants further request that the clerk's entry of default against the entity defendants be set aside. (Id. at 6-7).

Plaintiffs' motion has been referred to the undersigned Magistrate Judge for report and recommendation (Docket Entry No. 85).

### Procedural History

On February 9, 2009, the Clerk entered default against the entity defendants for failure to respond to the complaint, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure (Docket Entry No. 108).

After plaintiffs filed their motion for entry of default judgment against these defendants (Docket Entry No. 110), the Magistrate Judge recommended that plaintiffs' motion for default judgment be granted (Docket Entry No. 153). Upon review, the district judge rejected this recommendation upon a finding that the breadth of the injunctive relief sought by plaintiffs and recommended by the Magistrate Judge

> would clearly dictate the conduct of the individual defendants in this case, before those defendants have had a full and fair opportunity to litigate these claims and offer defenses. In addition to this being unfair to the individual defendants in this case, the restrictions imposed by the proposed judgment would create substantial confusion as to the rights and obligations of the individual defendants as this case proceeds, particularly if the individual defendants prevail on the merits.

2

(Docket Entry No. 166 at 18). For these stated reasons, the Court denied plaintiffs' motion for default judgment against the entity defendants.

### **Analysis**

By their current motion plaintiffs make another attempt at securing the entry of default judgment against the entity defendants. Specifically, plaintiffs have attempted to address the Court's grounds for denying their earlier motion by reducing the breadth of the injunctive relief they seek against the entity defendants to reduce its impact on the conduct of the individual defendants. In contrast to the injunctive relief sought by this earlier motion, plaintiffs' in their current motion do not seek relief expressly or impliedly mentioning the individual defendants. Rather, they argue that they seek to enjoin the entity defendants' ongoing and continuing misappropriation, unauthorized "theft of Alvion Properties and their abstraction, unauthorized use and/or unauthorized dissemination of Alvion Properties' assets – particularly, the coal reserves – trade name and/or confidential and proprietary business information, trade secrets and goodwill . . . ." (Docket Entry No. 173 at 5).

Numerous courts have held that the entry of a default judgment under Rule 55(b)(2), even when a default has been entered by the clerk under Rule 55(a), is a matter within the discretion of the district court and not a matter of right. <u>See</u>, <u>e.g.</u>, <u>Ganther</u>

3

v. Ingle, 75 F.3d 207, 212 (5th Cir. 1996); District of Columbia v. Butler, 2010 WL 2093367 (D.D.C. May 26, 2010); PepsiCo, Inc. v. Triunfo-Mex, Inc., 189 F.R.D. 431 (C.D. Cal. 1999). Moreover, judgment by default is a drastic step which should be resorted to only in the most extreme cases. United Coin Meter Co. v. Seaboard Coastline RR., 705 F.2d 839, 845 (6th Cir. 1983). Strong public policy favors resolving disputes on their merits, rather than through default judgment. Pecarsky v. Galaxiworld.com Ltd., 249 F.3d 167, 172 (2nd Cir. 2001).

Considering the present posture of this case, the undersigned Magistrate Judge finds that there are at least three factors that suggest that plaintiffs' motion for default judgment should be denied at this time. First, the individual defendants Bernd Weber and Claude Chauveau have stipulated that these entity defendants were and are alter egos of themselves and that they controlled and used these entities "as their personal bank accounts" with no attempt to observe normal corporate formalities (Docket Entry No. 177 at 2). Second, individual defendants Weber and Chauveau have appeared in the case and are vigorously contesting the factual allegations in the complaint, including those alleged against the entity defendants. Third, the relief sought in plaintiffs' motion for default judgment is mainly injunctive in nature; plaintiffs at this stage of the proceeding have not made an evidentiary showing of immediate and irreparable

4

injury that would support entry of a preliminary injunction pursuant to Rule 65. For these reasons, the undersigned Magistrate Judge finds that plaintiffs' motion for entry of default judgment against the entity defendants should be **denied** at this time, without prejudice to their right to file a similar motion upon a hearing of the merits of the claims against the individual defendants.

To the extent that the individual defendants urge that the entry of default against the entity defendants should be set aside (Docket Entry No. 177 at 6-7), the undersigned Magistrate Judge finds that their arguments are unpersuasive and should be **rejected**.

## RECOMMENDATION

For the reasons stated above, the undersigned Magistrate Judge **RECOMMENDS** that plaintiffs' amended motion for default judgment (Docket Entry No. 173) be **DENIED** without prejudice to plaintiffs' right to file a similar motion following a hearing on the merits of the remaining claims.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from service of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any responses to

5

said objections.  Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).

      **ENTERED** this 9th day of September 2010.

                                s/ John S. Bryant
                                JOHN S. BRYANT
                                United States Magistrate Judge