```
              UNITED STATES DISTRICT COURT
           FOR THE MIDDLE DISTRICT OF TENNESSEE
                     NASHVILLE DIVISION
```

ALVION PROPERTIES, INC., et al., )
                                 )
         Plaintiffs,             )
                                 )
             v.                  )    NO. 3:08-0866
                                 )    Judge Trauger/Bryant
BERND H. WEBER, et al.,          )    **Jury Demand**
                                 )
         Defendants.             )

**To: The Honorable Aleta A. Trauger**

### REPORT AND RECOMMENDATION

Defendant Raymonde Weber has filed her Motion To Dismiss pursuant to Rule 12(b) (Docket Entry No. 185). Plaintiffs have responded in opposition (Docket Entry No. 187) and defendant Weber has filed a reply (Docket Entry No. 188).

This motion has been referred to the undersigned Magistrate Judge for report and recommendation (Docket Entry No. 85).

### Procedural History

Plaintiffs filed their amended complaint (Docket Entry No. 26) on October 20, 2008.

Defendant Raymonde Weber filed a motion to dismiss pursuant to Rule 12(b)(1), (2), (3) and (6) on November 17, 2008 (Docket Entry No. 64). Following a report and recommendation by the Magistrate Judge, the Court denied defendant's motion to dismiss on September 23, 2009 (Docket Entry No. 167).

Defendant Weber filed the present motion to dismiss on November 19, 2009 (Docket Entry No. 185). This motion asserts grounds of lack of personal jurisdiction pursuant to Rule 12(b)(2)

and failure to state a claim pursuant to Rule 12(b)(6). Specifically, defendant argues that the factual allegations of the amended complaint fail to plead fraud and civil conspiracy with the particularity required by Rule 9(b). Significantly, lack of personal jurisdiction and lack of particularity of pleadings were included among the grounds asserted in defendant's earlier motion to dismiss (Docket Entry No. 64).

Rule 12(g)(2) of the Federal Rules of Civil Procedure provides as follows:

> (2) **Limitation on Further Motions**. Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion.

The Advisory Committee note to the 1966 amendment to Rule 12(g) explains that this required consolidation of defenses and objections in a Rule 12 motion "is salutary in that it works against piecemeal consideration of a case."

In consideration of this rule limiting a party to one Rule 12 motion to dismiss, the undersigned Magistrate Judge finds that defendant Raymonde Weber's motion to dismiss pursuant to Rule 12 (Docket Entry No. 185) should be **denied** because (1) the Court has previously considered and denied her earlier Rule 12 motion to dismiss (Docket Entry No. 64) raising the same grounds and, (2) to the extent that her instant motion purports to raise new grounds, a second motion to dismiss pursuant to Rule 12 is prohibited by

2

Rule 12(g).

## RECOMMENDATION

For the reasons stated above, the undersigned Magistrate Judge **RECOMMENDS** that defendant Raymonde Weber's motion to dismiss (Docket Entry No. 185) be **DENIED**.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from service of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).

**ENTERED** this 9th day of September 2010.

s/ John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge