UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ALVION PROPERTIES, INC., SHIRLEY K. MEDLEY, and HAROLD M. REYNOLDS,<br><br>    Plaintiffs,<br><br>    v.<br><br>BERND H. WEBER, RAYMONDE WEBER, CLAUDE J. CHAUVEAU, AMERICAN GULF FINANCE CORP., ALVION PARTNERS, LLC, AGF REALTY SOLUTIONS, INC., TIMEDATA HOLDINGS, LLC,<br><br>    Defendants.<br><br>BERND H. WEBER, CLAUDE J. CHAUVEAU,<br><br>    Counter-Claimants,<br><br>Harold M. Reynolds, Shirley K. Medley, Donald M. Medley, Farmers State Bank Of Alto Pass, Brad Henshaw, Allain de la Motte, Elizabeth Melland, Robert M. West, Melland Group, LLC,<br>    Counter-Defendants. | NO. 3:08-0866<br>Judge Sharp/Bryant<br>**Jury Demand** |

TO: The Honorable Kevin H. Sharp

## REPORT AND RECOMMENDATION

    Defendants Bernd H. Weber and Claude J. Chauveau jointly have filed "Defendants' Motion For Equitable Relief" (Docket Entry No. 509) and "Defendants' Amended Motion For Equitable Relief" (Docket Entry No. 513)

    For the reasons stated below, the undersigned Magistrate Judge **recommends** that defendants' motions be **denied**.

A "motion for equitable relief" is not described or authorized in the Federal Rules of Civil Procedure, and defendants fail to cite any legal authority for the filing of a "motion for equitable relief." From a reading of these two motions and the supporting memorandum filed with them (Docket Entry No. 510), it appears that defendants Weber and Chauveau argue that certain evidence outside the record demonstrates that plaintiffs' claims of violations of the Lanham Act in count VIII of the amended complaint (Docket Entry No. 26 at 42) are without merit and should be dismissed. Defendants further argue that dismissal of the Lanham Act claims would deprive this Court of subject-matter jurisdiction and require dismissal of the action.

Given the foregoing claims, the undersigned Magistrate Judge construes defendants' motions as being motions for partial summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Rule 56(c)(4) requires that evidence outside the record relied upon in support of a motion for summary judgment must be sworn on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated. Defendants' motion wholly lacks evidentiary support required by Rule 56.[1] Moreover, Local Rule 56.01(b) requires that a party filing a motion for summary judgment

---

[1] Mr. Weber and Mr. Chauveau have filed their declarations (Docket Entry Nos. 511 and 512) authenticating the two-page document filed as "Exhibit G" to defendants' motion. Neither declaration discloses the author of the document, the purpose for which it was created, or the circumstances giving rise to its creation. The document is referenced only in footnote 23 on page 16 of defendants' memorandum (Docket Entry No. 510).

support that motion with a separate, concise statement of the material facts about which the moving party contends there is no genuine issue for trial. Defendants' motions also fail to satisfy the requirements of Local Rule 56.01.

## RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that defendants' "Motion For Equitable Relief" (Docket Entry No. 509) and their "Amended Motion For Equitable Relief" (Docket Entry No. 513) be **DENIED** without prejudice to defendants' right to challenge plaintiffs' Lanham Act claims at trial or with a properly supported motion.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from service of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).

**ENTERED** this 14th day of February 2012.

s/ John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge