UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ALVION PROPERTIES, INC., SHIRLEY K. MEDLEY, and HAROLD M. REYNOLDS,<br><br>      Plaintiffs,<br><br>      v.<br><br>BERND H. WEBER, RAYMONDE WEBER, CLAUDE J. CHAUVEAU, AMERICAN GULF FINANCE CORP., ALVION PARTNERS, LLC, AGF REALTY SOLUTIONS, INC., TIMEDATA HOLDINGS, LLC,<br><br>      Defendants.<br><br>BERND H. WEBER, CLAUDE J. CHAUVEAU,<br><br>      Counter-Claimants,<br><br>Harold M. Reynolds, Shirley K. Medley, Donald M. Medley, Farmers State Bank Of Alto Pass, Brad Henshaw, Allain de la Motte, Elizabeth Melland, Robert M. West, Melland Group, LLC,<br>      Counter-Defendants. | NO. 3:08-0866<br>Judge Sharp/Bryant<br>**Jury Demand** |

### MEMORANDUM AND ORDER

Pending in this case are two motions related to discovery. Third-party plaintiffs Bernd H. Weber and Claude J. Chauveau have filed their motion for protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure (Docket Entry No. 493). In apparent response, third-party defendants Allain de la Motte and Robert M. West have filed their "Motion For Preclusion Order With Prejudice" (Docket Entry No. 494). In summary, Mr.

Weber and Mr. Chauveau seek a protective order relieving them from the obligation to respond to written discovery served by Mr. de la Motte and Mr. West on the grounds that such discovery is oppressive, unduly burdensome, and apparently served for the primary purpose of annoyance. On the other hand, Mr. de la Motte and Mr. West insist that Mr. Weber and Mr. Chauveau should be compelled to respond to the subject written discovery and, if they fail to do so, certain sanctions should be imposed, including the sanction of precluding Weber and Chauveau from offering contrary evidence at trial.

As a general rule, courts are granted wide discretion to manage discovery. <u>Surles ex rel. Johnson v. Greyhound Lines, Inc.</u>, 474 F.3d 288, 305 (6th Cir. 2007). In particular, Rule 26(c) of the Federal Rules of Civil Procedure expressly authorize the court, for good cause, to issue an order to protect a party or person "from annoyance, embarrassment, oppression, or undue burden or expense," including the "forbidding [of] the disclosure or discovery."

It appears from the record that between the dates of July 15, 2011, and July 20, 2011, third-party defendants de la Motte and West, who are proceeding <u>pro se</u> and who have similar if not identical interests in this action, served certain written discovery upon third-party plaintiffs Weber and Chauveau, who also are proceeding <u>pro se</u> and have similar if not identical interests. This written discovery collectively comprises some 587 pages, and includes 1,908 requests for admissions together with multiple additional interrogatories and requests for production of documents.

2

Although the undersigned Magistrate Judge has admittedly not read every single request for admission, interrogatory and request for production of documents at issue here, the Court has reviewed enough of these written discovery requests to ascertain their general nature and character. Despite the fact that some of these discovery requests are characterized by their authors as "revised" and "corrected," the undersigned Magistrate Judge finds that both the number and the character of these written discovery requests are oppressive and unduly burdensome, and are on their face an abuse of the discovery process.

The Court acknowledges that neither Mr. de la Motte nor Mr. West apparently is an attorney. This may well explain in part their apparent difficulty in recognizing what is truly pertinent to the issues in this case and identifying efficient methods to obtain the discovery they legitimately need. However, the Court also understands that none of these four individuals is a stranger to litigation, since Mr. de la Motte and Mr. West have been adversaries of Mr. Weber and Mr. Chauveau in litigation previously filed in Oregon implicating some of the same issues present in this case. Regardless of the reasons that prompted the serving of this written discovery, the undersigned Magistrate Judge finds that it exceeds by any reasonable measure the limits of appropriate discovery in this case and, therefore, that a protective order is appropriate.

For the reasons stated above in this memorandum, the undersigned Magistrate Judge **GRANTS** the motion for protective order filed by Mr. Weber and Mr. Chauveau (Docket Entry No. 493) and **ORDERS** that they not be required to serve responses to the written

discovery filed as Docket Entry Nos. 493-1 through 493-9.

For the reasons stated above, the undersigned Magistrate Judge **DENIES** Mr. de la Motte and Mr. West's motion to compel and for sanctions, identified in this record as their "motion for preclusion order" (Docket Entry No. 494).

It is so **ORDERED**.

s/ John S. Bryant<br>
JOHN S. BRYANT<br>
United States Magistrate Judge