UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ALVION PROPERTIES, INC., et al. | ) |
| Plaintiffs | ) |
| | ) Case No. 3:08-cv-866 |
| v. | ) |
| BERND H. WEBER, et al. | ) JUDGE SHARP |
| Defendants. | ) |
| | ) MAGISTRATE JUDGE BRYANT |
| BERND H. WEBER et ano., | ) |
| | ) JURY DEMAND |
| Counter-Plaintiffs, | ) |
| v. | ) |
| HAROLD M. REYNOLDS, et al., | ) |
| Counter-Defendants. | ) |

**MEMORANDUM OF LAW IN SUPPORT OF
AGREED MOTION TO DISMISS WITHOUT PREJUDICE
COUNTER-PLAINTIFFS' CLAIMS AGAINST
FARMERS STATE BANK OF ALTO PASS,
FARMERS STATE HOLDING CORP. AND BRAD HENSHAW**

Bernd H. Weber ("Weber"), Claude J. Chauveau ("Chauveau"), Farmers State Bank of Alto Pass and Farmers State Holding Corp. (collectively "FSB"), and Brad Henshaw ("Henshaw"), hereby file this Memorandum of Law in support of their Motion for this Court to enter an order dismissing without prejudice all claims against FSB and Henshaw in this case. The Court should grant this Motion, subject to the conditions set forth in the Motion, for the reasons discussed below.

## DISCUSSION

Federal Rule of Civil Procedure 41(a)(2) provides that "an action may be dismissed at the plaintiff's request . . . by court order, on terms that the court considers proper." Pursuant to Rule 41(c), that provision also applies to the dismissal of a counterclaim. The purpose of Rule 41(a)(2) is to protect a defendant from unfair prejudice that could arise from a dismissal without prejudice. Bridgeport Music, Inc. v. Universal-MCA Music Publ'g, Inc., 583 F.3d 948, 953 (6th Cir. 2009) (citations omitted). Thus, "a Rule 41(a)(2) dismissal may be conditioned on whatever terms the district court deems necessary to offset the prejudice the defendant may suffer from a dismissal without prejudice." Id. at 953-54 (citations omitted).

The claims asserted by Weber and Chauveau against FSB and Henshaw have been pending since November 4, 2010, and these parties have already engaged in a significant volume of written discovery with respect to the Counterclaim. Weber and Chauveau desire to dismiss their claims against FSB and Henshaw without prejudice at this time in order to narrow the scope of the litigation and promote a more efficient resolution of the disputes with the remaining parties. Further, Weber and Chauveau contend that further litigation against FSB and Henshaw may be unnecessary depending on how the remaining claims are decided. FSB and Henshaw have consented to the voluntary dismissal without prejudice of these claims, subject to certain conditions, which are intended to protect FSB and Henshaw from any undue prejudice that could result from the dismissal.

First, the Court should order that if Weber and/or Chauveau ever seek to re-file their claims against FSB and/or Henshaw (including any claims contained in the Counterclaim and any other claims or allegations arising from the subject matter of this case), they must do so in the United States District Court for the Middle District of Tennessee. This case has been

pending for a considerable amount of time, numerous pleadings have been filed over the course of the litigation, and a significant volume of written discovery has been completed. FSB and Henshaw have retained counsel in Nashville, Tennessee, who have spent over a year working on this case. It would be much more efficient and cost-effective for their Tennessee counsel to continue defending the case in this venue if Weber and/or Chauveau ever sought to re-file their claims. *See Bentz v. Reed Elsevier*, 2000 U.S. Dist. LEXIS 20370, *8-9 (S.D. Ohio Dec. 5, 2000) (copy attached) (it is reasonable to condition a dismissal without prejudice on requiring that the plaintiff re-file any future case in the same district court); *Pittsburgh Jaycees v. United States Jaycees*, 89 F.R.D. 166, 168 (W.D. Pa. 1981) (to same effect).

Second, the Court should order that if Weber and/or Chauveau ever re-file any of their claims against FSB and/or Henshaw, the discovery materials previously exchanged between the parties in this case (including all written discovery and documents exchanged) can be used in any such later proceedings as if such materials had been produced in the subsequent proceeding. The second condition is similarly appropriate in order to protect FSB and Henshaw from undue burden and expense. FSB and Henshaw have incurred significant costs associated with the discovery that has already been completed. If Weber and/or Chauveau choose to re-file these claims, FSB and Henshaw should not be forced to expend additional time and resources to obtain the same interrogatory responses and/or other materials they have already received during the course of this litigation. *Dodson v. DHI Mortg. Co.*, 2007 U.S. Dist. LEXIS 88131, *5 (E.D. Va. Nov. 30, 2007) (copy attached) ("This Court will allow all depositions and discovery that have already occurred in this case to be retained for use in any future case filed by Plaintiffs in this

- 3 -

Case 3:08-cv-00866   Document 532   Filed 02/27/12   Page 3 of 6 PageID #: 4698

matter in order to obviate any prejudice").[1]  Moreover, to the extent there remain any unresolved discovery disputes between these parties at the time of dismissal, the parties should be permitted to pick up where they left off in the event of a second suit and pursue prompt resolution of those matters, rather than being required to duplicate the previous discovery efforts that were necessary to frame the issues in dispute.

Weber and Chauveau agree that these two conditions are appropriate and contend that the Court should dismiss the claims against FSB and Henshaw subject to those terms.

## **CONCLUSION**

For these reasons, the Court should grant this Motion and enter an order dismissing without prejudice FSB and Henshaw from this action, subject to the conditions stated therein.

Respectfully submitted,

By:      s/Bernd H. Weber
       Bernd H. Weber, Pro Se
  55 Kingsbridge Garden Circle
  Suite 702
  Mississauga, Ontario L5R 1Y1, Canada
  *agfinance@a-g-finance.com*

By:      s/Claude J. Chauveau
      Claude J. Chauveau, Pro Se
2615 30th Street, #3F
Astoria, NY  11102-2101
*cjc@a-g-finance.com*

---

[1] The parties agree that the ability to use discovery materials generated in this lawsuit for purposes of a later proceeding would not limit the right of FSB and Henshaw to take depositions or conduct other discovery as appropriate in such future proceeding.

- 4 -

By:     s/George H. Cate, III
George H. Cate, III, No. 12595
NEAL & HARWELL, PLC
One Nashville Place, Suite 2000
150 Fourth Avenue North
Nashville, TN 37219-2498
Telephone: (615) 244-1713
gcate@nealharwell.com

*Counsel for Farmers State Bank of Alto Pass, Farmers State Holding Corp. and Brad Henshaw*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been served, via the method(s) indicated below, on the following parties and counsel of record, this the 27th day of February, 2012:

| | | |
|---|---|---|
| ( ) | Hand | Clancy J. Covert, Esq. |
| ( ) | Mail | P.O. Box 15307 |
| ( ) | Fax | Chattanooga, TN 37415 |
| ( ) | Fed. Ex. | Counsel for Plaintiffs, |
| ( ) | E-Mail | Alvion Properties, Inc., Shirley Medley |
| (X) | ECF | and Harold Reynolds |
| | | *clancy@covertlawgroup.com* |
| ( ) | Hand | Bernd H. Weber, *Pro Se* |
| ( ) | Mail | 55 Kingsbridge Garden Circle |
| ( ) | Fax | Suite 702 |
| ( ) | Fed. Ex. | Mississauga, Ontario L5R 1Y1 |
| ( ) | E-Mail | Canada |
| (X) | ECF | *agfinance@a-g-finance.com* |
| ( ) | Hand | Raymonde Weber, *Pro Se* |
| ( ) | Mail | 55 Kingsbridge Garden Circle |
| ( ) | Certified Mail | Suite 702 |
| ( ) | Fed. Ex. | Mississauga, Ontario L5R 1Y1 |
| ( ) | E-Mail | Canada |
| (X) | ECF | *monda1@sympatico.ca* |

| | |
|---|---|
| ( ) Hand | Claude J. Chauveau, *Pro Se* |
| ( ) Mail | 2615 30th Street, #3F |
| ( ) Fax | Astoria, NY 11102-2101 |
| ( ) Fed. Ex. | *cjc@a-g-finance.com* |
| ( ) E-Mail | |
| (X) ECF | |

| | |
|---|---|
| ( ) Hand | Allain de la Motte, *Pro Se* |
| ( ) Mail | 2460 S.E. Larkspur Court |
| ( ) Fax | Hillsboro, OR 97123 |
| ( ) Fed. Ex. | *adlm@mellandgroup.com* |
| ( ) E-Mail | |
| (X) ECF | |

| | |
|---|---|
| ( ) Hand | Robert M. West, *Pro Se* |
| ( ) Mail | 5005J Foothills Road |
| ( ) Fax | Lake Oswego, OR 97034 |
| ( ) Fed. Ex. | *rmwest@mellandgroup.com* |
| ( ) E-Mail | |
| (X) ECF | |

| | |
|---|---|
| ( ) Hand | Elizabeth Melland |
| ( ) Mail | a/k/a Elizabeth de la Motte |
| ( ) Certified Mail | 2460 S.E. Larkspur Court |
| ( ) Fed. Ex. | Hillsboro, OR 97123 |
| ( ) E-Mail | *adlm@mellandgroup.com* |
| (X) ECF | |

| | |
|---|---|
| ( ) Hand | Melland Group, LLC |
| ( ) Mail | c/o Robert M. West, Managing Member |
| ( ) Certified Mail | 5005J Foothills Road |
| ( ) Fed. Ex. | Lake Oswego, OR 97034 |
| ( ) E-Mail | *rmwest@mellandgroup.com* |
| (X) ECF | |

                                                s/George H. Cate, III