UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ALVION PROPERTIES, INC., SHIRLEY )
K. MEDLEY, and HAROLD M. )
REYNOLDS, )
 )
      Plaintiffs, )
 )
          v. )  NO. 3:08-0866
 )  Judge Sharp/Bryant
BERND H. WEBER, RAYMONDE WEBER, )  **Jury Demand**
CLAUDE J. CHAUVEAU, AMERICAN )
GULF FINANCE CORP., ALVION )
PARTNERS, LLC, AGF REALTY )
SOLUTIONS, INC., TIMEDATA )
HOLDINGS, LLC, )
 )
      Defendants. )
 )
BERND H. WEBER, CLAUDE J. )
CHAUVEAU, )
 )
      Counter-Claimants, )
 )
Harold M. Reynolds, Shirley K. )
Medley, Donald M. Medley, )
Farmers State Bank Of Alto Pass,)
Brad Henshaw, Allain de la )
Motte, Elizabeth Melland, )
Robert M. West, Melland Group, )
LLC, )
      Counter-Defendants. )

### MEMORANDUM AND ORDER

      Pending in this case is plaintiffs' motion to compel and/or motion to strike defendants' counterclaim and/or for default for failure to comply with discovery (Docket Entry No. 552). Summarizing, plaintiffs seek sanctions against defendants Weber and Chauveau for their failure to appear at their noticed discovery depositions in Nashville on March 8 and 9, 2012. Alternatively, plaintiffs seek an order requiring defendants to appear for their discovery depositions at a date and place certain.

Defendants Weber and Chauveau have filed a response in opposition (Docket Entry No. 561).

For the reasons stated in this memorandum, the Magistrate Judge finds that plaintiffs' motion to compel should be **granted**, and that their motion for sanctions should be **denied** without prejudice.

As background, the complaint in this case was filed on September 12, 2008 (Docket Entry No. 1). Drastically summarizing the 46-page complaint, plaintiffs allege that defendant Weber, assisted by defendant Chauveau, through fraudulent and deceptive means, has stolen their ownership interest in Alvion Properties, Inc., which is claimed to own several thousand acres of undeveloped coal reserves located in Virginia.

Defendants Weber and Chauveau have denied that they are guilty of any wrongdoing and assert that plaintiffs' claims are without merit.

On November 4, 2010, defendants Weber and Chauveau filed their joint answer to first amended complaint, affirmative defenses and counterclaim (Docket Entry No. 322). By this filing, these defendants asserted counterclaims against plaintiffs and joined multiple new parties as third-party defendants.

Although defendants Weber and Chauveau are proceeding pro se in this action, the case has nevertheless been vigorously litigated. As of the date of this order, there have been 578 docket filings in this case. Defendants Weber and Chauveau themselves have, by the Court's count, jointly filed at least sixty-five (65) motions, not including their additional, numerous

notices, responses, replies, declarations and objections.

Despite the considerable activity in this case, defendants Weber and Chauveau so far have not given discovery depositions. Attempts to schedule and take these two depositions in the past have been unsuccessful, apparently because of disagreements and general wrangling about the time, place and other arrangements proposed for the depositions. Most recently, counsel for plaintiffs served defendant Weber and defendant Chauveau notices to take their depositions in Nashville on March 8, 2012, and March 9, 2012, respectively.

During a telephone case management conference with the undersigned Magistrate Judge on March 6, 2012, defendants Weber and Chauveau stated that they had scheduling problems with the dates of March 8 and 9, and that their depositions might need to be rescheduled in order to accommodate their scheduling conflicts. The Court at that time instructed the parties to confer further and attempt to agree upon alternative dates for these two depositions that would be satisfactory to all concerned. The Court further instructed the parties that if they were unable to agree upon alternative dates for the depositions of defendants Weber and Chauveau, that, upon motion, the Court would set a date for the depositions by order.

Plaintiffs have now filed their motion to compel in which they assert that defendants Weber and Chauveau failed to appear for their depositions as noticed on March 8 and 9, 2012, respectively, and these defendants, apparently, have failed to suggest a single alternative date when they could be available for their deposition.

3

In their response in opposition (Docket Entry No. 561), defendants Weber and Chauveau challenge the form and sufficiency of plaintiffs' motion to compel and its supporting affidavit. Significantly, however, the Court notes that even in their response both defendants Weber and Chauveau fail to offer any alternative dates when they could appear for their depositions.

The Court is granted "wide discretion" to manage discovery. <u>Surles ex rel. Johnson v. Greyhound Lines, Inc.</u>, 474 F.3d 288, 305 (6th Cir. 2007). This case is soon to be four years old and is set for trial on December 11, 2012. The depositions of the defendants need to be taken, and the parties have been unable to schedule and take these depositions without court intervention. The undersigned Magistrate Judge finds that it is time for the Court to order that these two depositions be scheduled and taken at a particular time and place.

Accordingly, plaintiffs' motion to compel is **GRANTED**. Defendant Weber is **ORDERED** to appear to give a discovery deposition on **June 21, 2012,** commencing at **9:30 a.m.** This deposition will be taken in Courtroom 776, U. S. Courthouse, 801 Broadway, Nashville, TN, U.S. Courthouse, 801 Broadway, Nashville, Tennessee. Defendant Chauveau is **ORDERED** to appear for his discovery deposition on **June 22, 2012,** commencing at **9:30 a.m.**, also in the above-referenced courtroom.

These depositions shall be taken in accordance with the Federal Rules of Civil Procedure. Counsel for plaintiffs shall employ a court reporter and, if desired, a videographer, to record these depositions. Defendants Weber and Chauveau, if they wish,

4

may purchase a copy of the transcript and/or the videotape from the court reporter and videographer, respectively, at the rates customarily charged by court reporters and videographers for copies of such transcripts and videotapes.

To the extent that plaintiffs seek the imposition of sanctions for failure to participate in discovery, their motion is **DENIED** without prejudice to filing a further motion for sanctions if defendants, or either of them, fail to appear in accord with this order.

Defendants Weber and Chauveau are admonished that if they fail to appear for these depositions in accordance with this order, their failure may cause the undersigned Magistrate Judge to impose sanctions upon them, including but not limited to recommending that their counterclaim and third-party complaint be dismissed and default entered against them for failure to participate in discovery.

It is so **ORDERED**.

                                          s/ John S. Bryant
                                          JOHN S. BRYANT
                                          United States Magistrate Judge