UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| **ALVION PROPERTIES, INC.,** *et al.* ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | No. 3:08-0866 |
| ) | **Judge Sharp** |
| **BERND H. WEBER,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |
| ********************************** ) | |
| **BERND H. WEBER,** *et al.* ) | |
| ) | |
| **Counter-Claimants,** ) | |
| ) | |
| **HAROLD M. REYNOLDS,** *et al.*, ) | |
| ) | |
| **Counter-Defendants.** ) | |

## ORDER

Pending before the Court is Plaintiffs' Motion to Amend Complaint to Accord With the Pleadings (Docket No. 594) in order to reassert diversity jurisdiction, and reflect that certain Defendants have been voluntarily dismissed from the case. Defendants Bernd H. Weber and Claude J. Chauveau have filed a response in opposition that also includes a "Renewed Motion to Dismiss the Case Based Upon Fraud on the Court" (Docket No. 600).

Under Rule 15(a) of the Federal Rules of Civil Procedure, when a party moves to amend a complaint, "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Here, by way of the Second Amended Complaint, Plaintiffs seek only to properly reflect the current status of this action, not add any new claims or parties. The Motion to Amend will therefore, be granted.

1

In allowing amendment, the Court has considered the filing Defendants have made in opposition. Insofar as Defendants seek dismissal of the entire action, that request will be denied.

Defendants argue the entire action must be dismissed based upon Plaintiffs' alleged fraud in adding a Lanham Act claim to the First Amended Complaint. This action by the Plaintiff, even if fraudulent, does not go to the issue of whether amendment should be allowed under Rule 15(a), or whether the Second Amended Complaint, as written, states a claim for relief under Fed. R. Civ. P. 12(b)(6). Nor is the allegation of fraud an issue that is self-evident, or resolvable by reference to the proposed Second Amended Complaint. Most importantly, the fraud allegation advanced by Defendants is part of the basis for Defendants' Motion for Partial Summary Judgment (Docket No. 594) which is pending before Magistrate Judge Bryant.

Defendants' argument that this "Court continues to ignore the fraud committed by Plaintiffs," and that the Court, "to the injurious prejudice of Defendant and to the detriment of its own judicial resources, continues to be inactive on its duty to review the existing evidence of fraud and to dismiss the case" (Docket No. 601 at 2) is unwarranted. Leaving aside that this case is but one of hundreds on this Court's active docket, part of the reason the Motion for Partial Summary Judgment has yet to be ruled on is because Defendants Weber and Chauveau have filed no less than twenty motions (some characterized as "emergency" motions) since the Motion for Partial Summary Judgment was filed in March 2012.

Turning to what is properly an objection to the proposed amendment, Defendants argue that the Second Amended Complaint "has not been pleaded with the particularity necessary," and that the request for "judgment in an amount '*greater that US $75,000*' . . . is <u>purely speculative</u> and insufficient to serve as the basis to obtain federal diversity jurisdiction." (Docket No. 601 at 6,

2

italics and underline in original). Defendants then write:

> Taking into account the pending and forthcoming dispositive motions and the evidence provided by Defendants therein, it is very unlikely that Plaintiffs will prevail in this matter or that they have suffered any injuries at all for that matter. Therefore, the lack of any evidence of damages whatsoever, the lack of which of the Plaintiffs the requested judgment in an amount "greater than US$75,000" is intended to be assignable to, and the lack of having established through the pleadings in the proposed SAC the individual amounts of alleged damages, is too speculative and immeasurable to satisfy the amount in controversy requirement and this Honorable Court need not even reach the question of whether such relief must be considered in the aggregate or pro rata.

(Id.).

Under the diversity statute, a district court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs," and is between citizens of different states. 28 U.S.C. § 1332. "To defeat diversity jurisdiction, '[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount.'" Chavarat v. GVN Mich., Inc., 561 F.3d 623, 628 (6th Cir. 2009) (quoting, St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289, 58 S.Ct. 586, 82 L.Ed. 845 (1938)). "Generally, the amount claimed by the plaintiff in the complaint rules, as long as claimed in good faith, and '[e]vents occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit do not oust jurisdiction." Id.

In this case, a review of the proposed Second Amended Complaint reveals claimed damages far in excess of $75,000, and "[n]othing [that] indicates [Plaintiffs] could not in good faith claim the jurisdictional amount at the time they filed their complaint." Matthews v. Storgion, 174 Fed. Appx. 980, 983 (6th Cir. 2006). The fact that Defendants may have some "forthcoming dispositive motions," and the possibility that Plaintiffs allegedly are "very unlikely to prevail" is immaterial. See, St. Paul Mercury, 303 U.S. at 289 (footnotes omitted) ("The inability of plaintiff to recover an

3

amount adequate to give the court jurisdiction does not show his bad faith or oust the jurisdiction. Nor does the fact that the complaint discloses the existence of a valid defense to the claim.").

Accordingly, the Court rules as follows:

(1) Plaintiffs' Motion to Amend Complaint to Accord With the Pleadings (Docket No. 594) is hereby GRANTED, and proposed Plaintiffs' Second Amended Complaint (Docket No. 594-1) shall be filed as of record in this case; and

(2) The "Renewed Motion to Dismiss the Case Based Upon Fraud on the Court and Response to Plaintiff's Motion to Amend First Amended Complaint" filed by Defendants Bernd H. Weber and Claude J. Chauveau (Docket No. 600) is hereby DENIED.

This case is hereby returned to Magistrate Judge Bryant for further pretrial case management.

It is SO ORDERED.

*Kevin H. Sharp*
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE