UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ALVION PROPERTIES, INC., SHIRLEY K. MEDLEY, and HAROLD M. REYNOLDS, <br><br> Plaintiffs, <br><br> v. <br><br> BERND H. WEBER, RAYMONDE WEBER, CLAUDE J. CHAUVEAU, AMERICAN GULF FINANCE CORP., ALVION PARTNERS, LLC, AGF REALTY SOLUTIONS, INC., TIMEDATA HOLDINGS, LLC, <br><br> Defendants. <br><br> BERND H. WEBER, CLAUDE J. CHAUVEAU, <br><br> Counter-Claimants, <br><br> Harold M. Reynolds, Shirley K. Medley, Donald M. Medley, Farmers State Bank Of Alto Pass, Brad Henshaw, Allain de la Motte, Elizabeth Melland, Robert M. West, Melland Group, LLC, <br><br> Counter-Defendants. | NO. 3:08-0866 <br> Judge Sharp/Bryant <br> **Jury Demand** |

### O R D E R

Plaintiffs and defendants Weber and Chauveau have recently filed several motions seeking extensions of certain pretrial deadlines (Docket Entry Nos. 581, 605, 610 and 614). As explained below, these motions are GRANTED to the extent provided in this order, but otherwise are DENIED.

The District Judge has set this case for trial beginning on December 11, 2012 (Docket Entry No. 544). Local Rule

16.01(d)(2)f provides that any dispositive motion deadline, including deadlines for the filing of response and reply briefs, shall be at least 90 days in advance of the trial date. The undersigned Magistrate Judge lacks the authority to set deadlines in violation of this local rule. Given this limitation imposed by the trial date, the undersigned Magistrate Judge GRANTS these parties' motions seeking extensions of deadlines as follows:

The deadline for filing a response to any dispositive motion is EXTENDED to and including **August 30, 2012.** An optional reply, limited to 5 pages, may be filed within 14 days of the filing of the response, and, in any event, no later than **September 13, 2012.**

Finally, defendants Weber and Chauveau have filed their "Emergency Renewed Motion To Stay Proceedings" (Docket Entry No. 589), by which they seek an order staying further discovery in this case because their dispositive motions then pending, if granted, would result in dismissal of this action.

In general, a stay of discovery based upon the pendency of a dispositive motion is not favored in this Court, unless specifically authorized by Rule 26(d) of the Federal Rules of Civil Procedure. See Local Rule 16.01(e)(1). In any event, it appears that remaining deadlines for completing discovery have expired. Accordingly, defendants' Emergency Renewed Motion To Stay Proceedings (Docket Entry No. 589) is DENIED.

It is so **ORDERED**.

                                                   s/ John S. Bryant  
                                                   JOHN S. BRYANT  
                                                   United States Magistrate Judge