UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ALVION PROPERTIES, INC., SHIRLEY K. MEDLEY, and HAROLD M. REYNOLDS, <br><br> Plaintiffs, <br><br> v. <br><br> BERND H. WEBER, RAYMONDE WEBER, CLAUDE J. CHAUVEAU, AMERICAN GULF FINANCE CORP., ALVION PARTNERS, LLC, AGF REALTY SOLUTIONS, INC., TIMEDATA HOLDINGS, LLC, <br><br> Defendants. <br><br> BERND H. WEBER, CLAUDE J. CHAUVEAU, <br><br> Counter-Claimants, <br><br> Harold M. Reynolds, Shirley K. Medley, Donald M. Medley, Farmers State Bank Of Alto Pass, Brad Henshaw, Allain de la Motte, Elizabeth Melland, Robert M. West, Melland Group, LLC, <br><br> Counter-Defendants. | NO. 3:08-0866 <br> Judge Sharp/Bryant <br> **Jury Demand** |

TO: The Honorable Kevin H. Sharp

### REPORT AND RECOMMENDATION

Defendants Bernd H. Weber and Claude J. Chauveau have filed their motion for partial summary judgment (Docket Entry No. 536), which seeks summary dismissal of plaintiffs' Lanham Act claim contained in Count VIII of the first amended complaint.[1] These

---

[1] After the subject motion was filed, the Court granted plaintiffs leave to file a second amended complaint (Docket Entry

defendants further argue that dismissal of this count of the amended complaint destroys federal question jurisdiction in this Court and requires dismissal of plaintiffs' entire action. Plaintiffs filed a response in opposition (Docket Entry No. 547) and the affidavit of plaintiff H. M. (Jack) Reynolds (Docket Entry No. 548). Defendants Weber and Chauveau filed a reply (Docket Entry No. 554) and thereafter filed a correction to this reply (Docket Entry No. 619).

For the reasons stated below, the undersigned Magistrate Judge recommends that defendants' motion for partial summary judgment (Docket Entry No. 536) be denied.

### Standard of Review

A party may obtain summary judgment by showing "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. See Fed.R.Civ.P. 56(a); Covington v. Knox County School Sys., 205 F.3d 912, 914 (6th Cir. 2000). The moving party bears the initial burden of satisfying the court that the standards of Rule 56 have been met. See Martin v. Kelley, 803 F.2d 236, 239 n.4 (6th Cir. 1986). The ultimate question to be addressed is whether there exists any genuine dispute of material fact. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Covington, 205 F.3d at 914 (citing

---

No. 608). The substantive allegations in Count VIII of the second amended complaint are unchanged from the earlier pleading.

2

Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986)). If so, summary judgment is inappropriate.

To defeat a properly supported motion for summary judgment, the nonmoving party must set forth specific facts showing that there is a genuine issue of material fact for trial. If the party does not so respond, summary judgment will be entered if appropriate. Fed.R.Civ.P. 56(e). The nonmoving party's burden of providing specific facts demonstrating that there remains a genuine issue of material fact for trial is triggered once the moving party shows an absence of evidence to support the nonmoving party's case. Celotex, 477 U.S. at 325. A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248. In ruling on a motion for summary judgment, the Court must construe the evidence in the light most favorable to the nonmoving party, drawing all justifiable inferences in its favor. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

## Analysis

Count VIII of the first amended complaint (Docket Entry No. 26) alleges the defendants have violated provisions of the Lanham Act, 15 U.S.C. § 1125(a), by making false statements regarding (1) the origination of plaintiffs' coal, coal reserves and/or goods and/or services regarding monetizing the coal reserves and (2) defendants' affiliation or connection with plaintiffs in

3

their attempts to advertise, promote, sell or license plaintiffs' coal, coal reserves or other goods or services. Plaintiffs further allege that such false statements are material in that they are likely to influence a customer's purchasing decision.

The undersigned Magistrate Judge notes that the Court, in ruling upon a motion to dismiss filed earlier by these defendants, has already found that the allegations of Count VIII are sufficient to state a claim for relief under the Lanham Act (Docket Entry No. 166 at 7-9).

In support of their current motion for partial summary judgment, defendants argue that plaintiff Alvion Properties, Inc. has been a dormant corporation since its inception in 1995 and that the plaintiff corporation has never had goods or services in commerce, or a registerable trademark, which defendants argue are essential elements of a Lanham Act claim.

Section 1125(a) of Title 15 of the United States Code creates a cause of action for violations of the Lanham Act. This section provides as follows:

> (a) Civil action
> (1) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which —
>
> (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with

4

> another person, or as to the origin, sponsorship,
> or approval of his or her goods, services, or
> commercial activities by another person, or
>
> (B) in commercial advertising or promotion,
> misrepresents the nature, characteristics,
> qualities, or geographic origin of his or her or
> another person's goods, services, or commercial
> activities,

shall be liable in a civil action by any person who
believes that he or she is or is likely to be damaged
by such act.

The Sixth Circuit Court of Appeals, speaking of the Lanham Act, has stated: "This remedial statute is broadly construed to provide protection against a variety of deceptive commercial practices, including false advertising and promotion." Lidochem, Inc. v. Stoller Enterprises, Inc., 2012 WL 4009709 at *5 (6th Cir. Sept. 12, 2012) (unpublished) (citing Seven-Up Co. v. Coca Cola Co., 856 F.3d 1379, 1383 (5th Cir. 1996)). The Sixth Circuit had previously set forth guidelines for deciding liability for false advertising claims under the Lanham Act. See American Council of Certified I'll Iric Physicians and Surgeons v. American Bd. of Podiatric Surgery, Inc., 185 F.3d 606 (6th Cir. 1999). The court established a five-element test for plaintiffs seeking to prove liability under the Lanham Act:

> [A] Plaintiff must establish the following:
> 1) the defendant has made false or misleading
> statements of fact concerning his own product or
> another's;
> 2) the statement actually deceives or tends to
> deceive a substantial portion of the intended
> audience;
> 3) the statement is material in that it will likely

5

>   influence a deceived consumer's purchasing
>   decisions;
>   4) the advertisements were introduced into
>   interstate commerce;
>   5) there is some causal link between the challenged
>   statements and harm to the plaintiff.

Id. at 613.

Defendants' motion for partial summary judgment focuses on their claim that plaintiff Alvion Properties, Inc. has been essentially dormant since its incorporation, that it has never owned an enforceable trademark, and that it has never had any goods or services in commerce. From these arguments, defendants maintain that, as a matter of law, plaintiffs will be unable to prevail on a Lanham Act claim. However, the undersigned Magistrate Judge finds that defendants read the Lanham Act too narrowly. As the authorities cited above state, the Lanham Act affords protection against a variety of deceptive commercial practices, including but not limited to the wrongful infringement of a party's trademark. Moreover, the affidavit of H. M. (Jack) Reynolds (Docket Entry No. 548) creates disputed issues of fact concerning defendants' unauthorized usage of the Alvion name and their allegedly wrongful claims of ownership of Alvion properties, Inc.

From the entire record in this case, the undersigned Magistrate Judge finds that defendants have failed to carry their burden to demonstrate that there is no genuine dispute as to any material fact regarding plaintiffs' Lanham Act claim, or that defendants are entitled to judgment as a matter of law. Moreover,

6

the undersigned finds that there are genuine issues of material fact for trial on this claim. This finding is not intended to suggest or imply that plaintiffs will necessarily prevail at trial; rather, the merits of their Lanham Act claim must be determined by a jury based upon evidence presented at trial.

In any event, the granting of defendants' motion would not eliminate the need for a trial since, as the undersigned notes, the Court has found that diversity of citizenship forms a basis for subject-matter jurisdiction in this case (Docket Entry No. 608).

### RECOMMENDATION

For the reasons stated above, the undersigned Magistrate Judge **RECOMMENDS** that defendants' motion for partial summary judgment (Docket Entry No. 536) be DENIED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from service of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).

7

**ENTERED** this 11th day of October 2012.

                                               s/ John S. Bryant
                                               JOHN S. BRYANT
                                               United States Magistrate Judge