```
                    UNITED STATES DISTRICT COURT
                 FOR THE MIDDLE DISTRICT OF TENNESSEE
                          NASHVILLE DIVISION

ALVION PROPERTIES, INC., SHIRLEY )
K. MEDLEY, and HAROLD M.         )
REYNOLDS,                        )
                                 )
          Plaintiffs,            )
                                 )
               v.                )   NO.  3:08-0866
                                 )   Judge Sharp/Bryant
BERND H. WEBER, RAYMONDE WEBER,  )   Jury Demand
CLAUDE J. CHAUVEAU, AMERICAN     )
GULF FINANCE CORP., ALVION       )
PARTNERS, LLC, AGF REALTY        )
SOLUTIONS, INC., TIMEDATA        )
HOLDINGS, LLC,                   )
                                 )
          Defendants.            )
                                 )
BERND H. WEBER, CLAUDE J.        )
CHAUVEAU,                        )
                                 )
          Counter-Claimants,     )
                                 )
Harold M. Reynolds, Shirley K.   )
Medley, Donald M. Medley,        )
Farmers State Bank Of Alto Pass, )
Brad Henshaw, Allain de la       )
Motte, Elizabeth Melland,        )
Robert M. West, Melland Group,   )
LLC,                             )
          Counter-Defendants.    )
```

TO: The Honorable Kevin H. Sharp

## REPORT AND RECOMMENDATION

Defendants Bernd H. Weber and Claude J. Chauveau have filed their motion to dismiss Counts I, IV, V, VI, IX, and X pursuant to Rule 12(b)(6) and the Tennessee Uniform Trade Secrets Act (Docket Entry No. 550). Plaintiffs filed a response in opposition (Docket Entry No. 569) and defendants filed a reply (Docket Entry No. 580).

For the reasons stated below, the undersigned Magistrate Judge recommends that defendants' motion to dismiss (Docket Entry No. 550) be denied.

**Standard of Review**

In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the court must view the complaint in the light most favorable to the plaintiff, accepting all well-pleaded factual allegations as true. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). This requirement of accepting the truth of the complaint's factual allegations does not apply to legal conclusions, however, even where such conclusions are couched as factual allegations. Id. Although Federal Rule of Civil Procedure 8(a)(2) requires merely "a short and plain statement of the claim," the plaintiff must allege enough facts to make the claim plausible. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007). He must plead well enough so that his complaint is more than "a formulaic recitation of the elements of a cause of action." Id. at 555. "The factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." League of United Latin American Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007).

While a pro se complaint is "to be liberally construed" and "must be held to less stringent standards than formal pleadings

2

drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)), "basic pleading essentials" still apply. See Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1990). Moreover, "[d]istrict courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. To do so would 'require . . . [the courts] to explore exhaustively all potential claims of a pro se plaintiff, . . . [and] would . . . transform the district court from its legitimate advisory role to the improper role of advocate seeking out the strongest arguments and most successful strategies for a party.'" Dixie v. Ohio, 2008 WL 2185487, at *1 (N.D. Ohio, May 23, 2008) (quoting Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985)).

## Analysis

Defendants argue in this motion that "[t]he gravamen of this lawsuit is Plaintiffs' allegation that Defendants intentionally defrauded the Plaintiffs by misappropriating Plaintiffs' trade secrets to the financial detriment of plaintiffs." (Docket Entry No. 551 at 1). From this fundamental premise, defendants proceed to argue that Count I (breach of fiduciary duty), Count IV (intentional interference with existing business relationships), Count V (breach of the duty of good faith and fair dealing), Count VI (conversion), Count IX (civil conspiracy) and Count X (unjust enrichment) are all preempted by

3

the provisions of the Tennessee Uniform Trade Secrets Act ("TUTSA"), 47 Tenn. Code Ann. § 47-25-1701 et seq. Defendants rely specifically on § 47-25-1708(a) which states as follows: "Except as provided in subsection (b), this part displaces conflicting tort, restitutionary, and other law of this state providing civil remedies for misappropriation of a trade secret." The statute continues in subsection (b) and states that TUTSA does not affect contractual remedies or "other civil remedies that are not based upon misappropriation of a trade secret."

As plaintiffs readily point out in their response, defendants Weber and Chauveau have engaged in a conveniently selective reading of the first amended complaint. Although plaintiffs do allege that defendants have fraudulently converted proprietary information and trade secrets belonging to Alvion Properties, Inc., this claim is certainly not the "gravamen" of plaintiffs' claim. Instead, plaintiffs allege that defendant Weber, using a number of business entities that he owned and controlled, and with the assistance and collaboration of defendant Chauveau, set about in a series of fraudulent and deceptive financial transactions to steal Alvion Properties, Inc., lock, stock and barrel, from the two individual plaintiffs, Medley and Reynolds. Although the assets of Alvion Properties are alleged to include certain trade secrets and proprietary information, the primary asset of this corporation is alleged to consist of

4

something in excess of 4,500 acres of undeveloped coal reserves lying in the state of Virginia.

The cases cited by defendants in support of their motion (Hauck Manufacturing Company v. Astec Industries, Inc., 375 F.Supp.2d 649 (E.D. Tenn. 2004) and Cardinal Health, 414 Inc. v. Adams, 582 F.Supp.2d 967 (M.D. Tenn. 2008), are inapposite to the present claim. Both Hauck and Cardinal Health involve cases in which former employees are alleged to have disclosed to competitors of their former employers certain protectable trade secrets. In these two cases, misappropriation of trade secrets is indeed the "gravamen" of the claim. In contrast, the claims alleged in the first amended complaint are much broader, and trade secrets are but one type of asset among several that defendants are alleged to have fraudulently converted from plaintiffs.

Defendants Weber and Chauveau have adamantly denied plaintiffs' claims, but for the purpose of a motion to dismiss under Rule 12(b)(6), the factual allegations in the amended complaint must be accepted as true. Ashcroft, 556 U.S. 678.

To the extent that plaintiffs' claims are limited to misappropriation of their trade secrets, the provisions of TUTSA will govern those claims. Nevertheless, such claims comprise only a small part of the claims contained in the amended complaint, and defendants' motion to dismiss Counts I, IV, V, VI, IX and X lack merit and must be denied.

## RECOMMENDATION

For the reasons stated above, the undersigned Magistrate Judge **RECOMMENDS** that defendants' motion to dismiss (Docket Entry No. 550) be DENIED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from service of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).

**ENTERED** this 15th day of October 2012.

s/ John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge