```
                    UNITED STATES DISTRICT COURT
                 FOR THE MIDDLE DISTRICT OF TENNESSEE
                          NASHVILLE DIVISION

ALVION PROPERTIES, INC., SHIRLEY )
K. MEDLEY, and HAROLD M.         )
REYNOLDS,                        )
                                 )
         Plaintiffs,             )
                                 )
              v.                 )   NO.  3:08-0866
                                 )   Judge Sharp/Bryant
BERND H. WEBER, RAYMONDE WEBER,  )   Jury Demand
CLAUDE J. CHAUVEAU, AMERICAN     )
GULF FINANCE CORP., ALVION       )
PARTNERS, LLC, AGF REALTY        )
SOLUTIONS, INC., TIMEDATA        )
HOLDINGS, LLC,                   )
                                 )
         Defendants.             )
                                 )
BERND H. WEBER, CLAUDE J.        )
CHAUVEAU,                        )
                                 )
         Counter-Claimants,      )
                                 )
Harold M. Reynolds, Shirley K.   )
Medley, Donald M. Medley,        )
Farmers State Bank Of Alto Pass, )
Brad Henshaw, Allain de la       )
Motte, Elizabeth Melland,        )
Robert M. West, Melland Group,   )
LLC,                             )
         Counter-Defendants.     )
```

TO: The Honorable Kevin H. Sharp

## REPORT AND RECOMMENDATION

Defendants Bernd H. Weber and Claude J. Chauveau have filed two dispositive motions, a motion to dismiss (Docket Entry No. 571) and a motion for summary judgment (Docket Entry No. 585) based upon their argument that plaintiffs lack standing to maintain this action. Plaintiffs have filed responses in opposition (Docket Entry Nos. 612 and 613), and defendants have filed replies (Docket

Entry Nos. 618 and 620).

For the reasons stated below, the undersigned Magistrate Judge recommends that defendants' motion to dismiss and motion for summary judgment based upon lack of standing be denied.

### Standard of Review

It appears to the undersigned Magistrate Judge that the arguments made by defendants in their motion for summary judgment (Docket Entry No. 585) include and subsume the arguments made regarding plaintiffs' standing in their earlier filed motion to dismiss (Docket Entry No. 571). Therefore, the undersigned will analyze defendants' arguments on standing under the standard of review applied to motions for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

A party may obtain summary judgment by showing "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. See Fed.R.Civ.P. 56(a); Covington v. Knox County School Sys., 205 F.3d 912, 914 (6th Cir. 2000). The moving party bears the initial burden of satisfying the court that the standards of Rule 56 have been met. See Martin v. Kelley, 803 F.2d 236, 239 n.4 (6th Cir. 1986). The ultimate question to be addressed is whether there exists any genuine dispute of material fact. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Covington, 205 F.3d at 914 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986)). If so,

summary judgment is inappropriate.

To defeat a properly supported motion for summary judgment, the nonmoving party must set forth specific facts showing that there is a genuine issue of material fact for trial. If the party does not so respond, summary judgment will be entered if appropriate. Fed.R.Civ.P. 56(e). The nonmoving party's burden of providing specific facts demonstrating that there remains a genuine issue of material fact for trial is triggered once the moving party shows an absence of evidence to support the nonmoving party's case. Celotex, 477 U.S. at 325. A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248. In ruling on a motion for summary judgment, the Court must construe the evidence in the light most favorable to the nonmoving party, drawing all justifiable inferences in its favor. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

## Analysis

In order to possess the standing required to maintain a lawsuit in the federal courts, (1) the plaintiff must have suffered an "injury in fact;" (2) there must be a causal connection between the injury and the conduct of the defendant complained of; and (3) it must be likely that the injury will be "redressed by a favorable decision." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992).

3

With respect to the individual plaintiffs, Medley and Reynolds, defendants argue that they lack the requisite standing for several reasons. First, defendants argue that the assets that defendants are alleged to have wrongfully appropriated were assets of the corporate plaintiff, Alvion Properties, Inc., and not the individual plaintiffs. Therefore, defendants argue, plaintiffs Medley and Reynolds lack standing to assert claims for the wrongful conversion of these assets.

Second, defendants argue that the irrevocable stock powers dated September 3, 2007, which plaintiffs allege were fraudulently procured by defendant Weber, were contracts between plaintiffs Medley and Reynolds, on one hand, and American Gulf Finance Corporation on the other hand (Docket Entry No. 586). Defendants seem at least implicitly to argue that since neither defendant Weber nor defendant Chauveau were parties to these irrevocable stock powers, plaintiffs lack standing to challenge these contracts based upon fraud in their procurement. This argument, however, overlooks the fact that defendants in this action have already judicially admitted that American Gulf Finance Corporation and a number of other entities were the alter egos of defendant Bernd Weber. Defendants have already admitted that they "do not dispute that at all times relevant to the First Amended Complaint the remaining Entity Defendants [including American Gulf Finance Corporation] referenced were the *alter egos* of the

4

respective Individual Defendants. Hence, pursuant to the *Alter Ego* Doctrine, since there is in fact no true separation between the Entity and Individual Defendants, and given the Plaintiffs' allegations, the Entity Defendants and Individual Defendants are therefore an inseparable amalgam of their joint responsibilities and liabilities." (Docket Entry No. 177 at 2).[1]

With respect to the corporate plaintiff, Alvion Properties, Inc., defendants argue that the corporation was not a party to the irrevocable stock powers referenced above, and, therefore, the plaintiff corporation acquired no rights under these agreements and lacks standing to assert a claim that the agreements were procured through fraud.

The undersigned Magistrate Judge finds that the claims asserted by plaintiffs include claims that the wrongful conduct of the defendants directly caused injury to the individual plaintiffs, Medley and Reynolds for which they have standing to pursue a claim. For example, plaintiffs claim that defendant Weber fraudulently procured the irrevocable stock powers dated September 3, 2007, and later exercised these powers as part of a fraudulent plan to obtain all of the corporate stock of Alvion Properties, Inc. At the time of Weber's employment as a consultant to Alvion Properties,

---

[1] Since defendants' motions were filed, the Court granted plaintiffs leave to file a Second Amended Complaint (Docket Entry No. 608). The substantive allegations upon which defendants base their motions are unchanged in this amended pleading.

5

plaintiffs Medley and Reynolds were alleged to have been the only shareholders of the company.

In addition, the undersigned finds that plaintiffs also allege that defendants Weber and Chauveau engaged in other wrongful conduct, the effect of which was an attempt to convert the assets of the plaintiff corporation. For example, plaintiffs allege that defendant Weber wrongfully charged Alvion Properties for expenses that properly should have been borne by Weber and his company, American Gulf Finance Corporation (Docket Entry No. 26 at 17). If proved, these claims support a recovery by the plaintiff corporation.

In summary, the undersigned finds that the First Amended Complaint contains allegations of injuries in fact sustained both by the corporate plaintiff and by the individual plaintiffs as a result of wrongdoing by defendants. Whether plaintiffs can prove their allegations and, if so, the party entitled to recovery must be determined by the finder of fact at trial. In any event, defendants have failed to carry their burden to show that plaintiffs, as a matter of law, lack standing to assert their claims.

## **RECOMMENDATION**

For the reasons stated above, the undersigned Magistrate Judge RECOMMENDS that defendants' motion to dismiss (Docket Entry No. 571) and the motion for summary judgment (Docket Entry No. 585)

based upon lack of standing should be DENIED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from service of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).

**ENTERED** this 15th day of October 2012.

s/ John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge
