```
                    UNITED STATES DISTRICT COURT
                 FOR THE MIDDLE DISTRICT OF TENNESSEE
                          NASHVILLE DIVISION


ALVION PROPERTIES, INC., SHIRLEY )
K. MEDLEY, and HAROLD M.         )
REYNOLDS,                        )
                                 )
        Plaintiffs,              )
                                 )
             v.                  )  NO. 3:08-0866
                                 )  Judge Sharp/Bryant
BERND H. WEBER, RAYMONDE WEBER,  )  Jury Demand
CLAUDE J. CHAUVEAU, AMERICAN     )
GULF FINANCE CORP., ALVION       )
PARTNERS, LLC, AGF REALTY        )
SOLUTIONS, INC., TIMEDATA        )
HOLDINGS, LLC,                   )
                                 )
        Defendants.              )
                                 )
BERND H. WEBER, CLAUDE J.        )
CHAUVEAU,                        )
                                 )
        Counter-Claimants,       )
                                 )
Harold M. Reynolds, Shirley K.   )
Medley, Donald M. Medley,        )
Farmers State Bank Of Alto Pass, )
Brad Henshaw, Allain de la       )
Motte, Elizabeth Melland,        )
Robert M. West, Melland Group,   )
LLC,                             )
        Counter-Defendants.      )
```

TO: The Honorable Kevin H. Sharp

### REPORT AND RECOMMENDATION

Defendants Bernd H. Weber and Claude J. Chauveau have filed their motion for partial summary judgment (Docket Entry No. 563) seeking a ruling that, as a matter of law, two specific factual assertions in the first amended complaint are false. Specifically, defendants challenge an allegation that they have established a new office for Alvion Properties in Glen Allen,

Virginia and that a business named Virginia Professional Services, LLC, also of Glen Allen, Virginia, is owned and operated by one or more of the defendants. Defendants assert that these factual claims are untrue, and they have filed in support of their motion an affidavit of defendant Weber attaching a copy of a letter dated April 23, 2012, bearing what is represented to be the signature of Bernard C. Dietz.

The undersigned Magistrate Judge finds that defendants' motion misapprehends the purpose and operation of Rule 56 of the Federal Rules of Civil Procedure. Rule 56, which provides for motions for summary judgment, creates a mechanism for the summary disposition of claims or defenses about which there is no genuine dispute as to any material fact. By this motion, however, defendants do not seek partial summary judgment regarding any claim for relief or defense in this case. Instead, defendants seek a preliminary ruling that two particular factual allegations contained in the amended complaint are untrue. Defendants do not argue or suggest that such a ruling, if granted, would necessarily dispose of any claim for relief or any defense in this action. The undersigned Magistrate Judge finds that Rule 56 is not intended as a vehicle for challenging specific factual assertions – as distinguished from claims for relief or defenses – prior to trial.

In addition, the letter of Bernard Dietz upon which defendants base their motion is inadmissible hearsay because it

consists of statements by Mr. Dietz (1) not made while testifying in the current case, and (2) offered in evidence to prove the truth of the matter asserted in the letter. Rule 801(c), Federal Rules of Evidence. Therefore, defendants' motion for partial summary judgment, even if otherwise proper, is not supported as required by Rule 56, and the fact that the Dietz letter is attached as an exhibit to an affidavit of defendant Weber does not cure this defect.

For the foregoing reasons, the undersigned Magistrate Judge finds that defendants' motion for partial summary judgment (Docket Entry No. 563) should be denied.

### **RECOMMENDATION**

For the reasons stated above, the undersigned Magistrate Judge **RECOMMENDS** that defendants' motion for partial summary judgment (Docket Entry No. 563) be DENIED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from service of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation.

Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).

      **ENTERED** this 16th day of October 2012.

                                                s/ John S. Bryant
                                                JOHN S. BRYANT
                                                United States Magistrate Judge