UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| ALVION PROPERTIES, INC., SHIRLEY K. MEDLEY, and HAROLD M. REYNOLDS, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | NO. 3:08-0866 Judge Sharp/Bryant |
| BERND H. WEBER, RAYMONDE WEBER, CLAUDE J. CHAUVEAU, AMERICAN GULF FINANCE CORP., ALVION PARTNERS, LLC, AGF REALTY SOLUTIONS, INC., TIMEDATA HOLDINGS, LLC, | ) ) ) ) ) ) ) | **Jury Demand** |
| Defendants. | ) ) | |
| BERND H. WEBER, CLAUDE J. CHAUVEAU, | ) ) ) | |
| Counter-Claimants, | ) ) | |
| Harold M. Reynolds, Shirley K. Medley, Donald M. Medley, Farmers State Bank Of Alto Pass, Brad Henshaw, Allain de la Motte, Elizabeth Melland, Robert M. West, Melland Group, LLC, | ) ) ) ) ) ) ) | |
| Counter-Defendants. | ) | |

TO: The Honorable Kevin H. Sharp

### REPORT AND RECOMMENDATION

Defendants Bernd H. Weber and Claude J. Chauveau have filed two motions entitled "Motion For Declaratory Judgment" (Docket Entry Nos. 560 and 566). By these motions, defendants seek a declaratory ruling that the irrevocable stock powers dated September 3, 2007, were binding and legally effective to transfer plaintiff Medley and Reynolds's stock ownership in Alvion

Properties, Inc. to defendant American Gulf Finance Corporation, an entity wholly owned and controlled by defendant Weber.  By these motions defendants also seek a declaratory ruling that the subject stock powers are unambiguous.

In paragraph 35 of the second amended complaint[1] (Docket Entry No. 609), plaintiffs allege that defendant Weber, while acting as an officer of the plaintiff corporation and as a fiduciary on behalf of all of the plaintiffs, prepared the subject irrevocable stock powers and by means of fraudulent representations regarding their purpose procured the signatures of plaintiffs Medley and Reynolds.  This amended complaint in paragraph 63 further alleges that on August 12, 2008, defendant Weber caused his wholly owned and controlled company, American Gulf Finance Corporation, fraudulently to exercise these stock powers in order effectively to transfer all of plaintiffs' ownership interest in Alvion Properties to defendant Weber.  Defendants admit that defendant Weber prepared these stock powers, or had them prepared, and that defendant Weber later directed that the powers be exercised for his own benefit, but defendants deny that the stock powers are tainted by fraud or are otherwise ineffective.

---

[1] The Court permitted the filing of the Second Amended Complaint on July 26, 2012 (Docket Entry No. 608).  The First Amended Complaint (Docket Entry No. 26), which was operative when defendants filed these motions, contained the same allegations regarding the stock powers.

Although defendants' motions for declaratory judgment do not expressly so state, it appears that they seek a preliminary ruling in advance of trial that these stock powers were obtained in the absence of fraud and are otherwise enforceable. However, neither of these motions cite any legal authority that would permit a court to make this determination in advance of trial, and the undersigned Magistrate Judge is unaware of such authority.

For this reason, the undersigned Magistrate Judge finds that, to the extent that these motions seek a declaratory judgment prior to trial regarding the legal enforceability of the subject stock powers, these motions must be denied. This ruling, however, is without prejudice to defendants' right to present evidence at trial in support of the enforceability of these agreements.

### **RECOMMENDATION**

For the reasons stated above, the undersigned Magistrate Judge **RECOMMENDS** that, to the extent that these motions seek declaratory judgments upholding the validity of the stock powers prior to trial, the motions be DENIED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from service of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any responses to

3

said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).

      **ENTERED** this 16th day of October 2012.

                                    s/ John S. Bryant
                                    JOHN S. BRYANT
                                    United States Magistrate Judge

4

Case 3:08-cv-00866   Document 633   Filed 10/16/12   Page 4 of 4 PageID #: 5621