```
                UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF TENNESSEE
                       NASHVILLE DIVISION
```

ALVION PROPERTIES, INC., SHIRLEY )
K. MEDLEY, and HAROLD M.         )
REYNOLDS,                        )
                                 )
        Plaintiffs,               )
                                 )
             v.                  )   NO.  3:08-0866
                                 )   Judge Sharp/Bryant
BERND H. WEBER, RAYMONDE WEBER,  )   **Jury Demand**
CLAUDE J. CHAUVEAU, AMERICAN     )
GULF FINANCE CORP., ALVION       )
PARTNERS, LLC, AGF REALTY        )
SOLUTIONS, INC., TIMEDATA        )
HOLDINGS, LLC,                   )
                                 )
        Defendants.              )
                                 )
BERND H. WEBER, CLAUDE J.        )
CHAUVEAU,                        )
                                 )
        Counter-Claimants,       )
                                 )
Harold M. Reynolds, Shirley K.   )
Medley, Donald M. Medley,        )
Farmers State Bank Of Alto Pass, )
Brad Henshaw, Allain de la       )
Motte, Elizabeth Melland,        )
Robert M. West, Melland Group,   )
LLC,                             )
        Counter-Defendants.      )

TO: The Honorable Judge Kevin H. Sharp

**REPORT AND RECOMMENDATION**

Defendants Bernd H. Weber and Claude J. Chauveau have filed their motion to dismiss Counts V and VII of the first amended complaint (Docket Entry No. 602).[1] Plaintiffs filed a response in

---

[1] On July 26, 2012, after the filing of defendants' motion to dismiss, the Court granted plaintiffs' motion to file a second amended complaint (Docket Entry No. 608). The allegations upon which defendants base their motion to dismiss are not affected by

opposition (Docket Entry No. 622) and defendants filed a reply (Docket Entry No. 625).

For the reasons stated below, the undersigned Magistrate Judge recommends that defendants' motion to dismiss Counts V and VII be denied.

### Standard of Review

Although neither defendants' motion nor their supporting memorandum of law cites a particular rule of the Federal Rules of Civil Procedure, it appears from their memorandum (Docket Entry No. 603 at 2) that they are proceeding pursuant to Rule 12(b)(6).

In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the court must view the complaint in the light most favorable to the plaintiff, accepting all well-pleaded factual allegations as true. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). This requirement of accepting the truth of the complaint's factual allegations does not apply to legal conclusions, however, even where such conclusions are couched as factual allegations. Id. Although Federal Rule of Civil Procedure 8(a)(2) requires merely "a short and plain statement of the claim," the plaintiff must allege enough facts to make the claim plausible. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007). He must plead well enough so that his complaint is more than "a formulaic recitation of the elements of a cause of action." Id. at 555. "The factual allegations, assumed to be true, must do

---

this amendment.

more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." League of United Latin American Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007).

While a pro se complaint is "to be liberally construed" and "must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)), "basic pleading essentials" still apply. See Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1990). Moreover, "[d]istrict courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. To do so would 'require . . . [the courts] to explore exhaustively all potential claims of a pro se plaintiff, . . . [and] would . . . transform the district court from its legitimate advisory role to the improper role of advocate seeking out the strongest arguments and most successful strategies for a party.'" Dixie v. Ohio, 2008 WL 2185487, at *1 (N.D. Ohio, May 23, 2008) (quoting Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985)).

## Analysis

With respect to Count VII (breach of contract) defendants argue that plaintiffs' claims are based upon two separate contracts – the "Confidentiality and Non-Disclosure Agreement" ("CNDA") and the irrevocable stock powers dated September 3, 2007. Defendants also rely upon the allegation in paragraph 64 of the first amended complaint which states that on May 7, 2008, Alvion Properties shareholders met in Nashville and adopted resolutions which

3

defendants characterize as rescinding all written agreements with defendant Weber and his company, American Gulf Finance Corporation (Docket Entry No. 603 at 3). The Court notes that the allegations of paragraph 64 of the first amended complaint actually speak of "rescinding all authority previously given to Weber and/or his companies pursuant to all oral, written and/or consulting agreements, board resolutions and/or shareholder actions," which is somewhat different from the characterization argued in the defendants' memorandum. In any event, defendants maintain that plaintiffs somehow are precluded by law from seeking damages for the breach of the CNDA because plaintiffs arguably have rescinded this agreement. However, the amended complaint alleges that the CNDA was executed on or about June 24, 2005, and the resolutions rescinding all authority previously given to defendant Weber were signed on May 7, 2008. What defendants fail to explain is why plaintiffs would not have a right to seek damages based upon any breaches of the CNDA between its execution in June 2005 and its rescission in May 2008, almost three years later. The undersigned Magistrate Judge finds that the action of the Alvion Properties, Inc. shareholders on May 7, 2008, rescinding all authority given to defendant Weber (Docket Entry No. 603-1) does not, as a matter of law, preclude plaintiffs from asserting claims that defendant Weber breached the CNDA.

Defendants further argue that the CNDA was not properly executed by two officers of Alvion Properties, Inc. and that, in any event, plaintiff Medley has no claim under the CNDA because she was not a party to that agreement (Docket Entry No. 603 at 3-4).

4

Specifically, defendants argue that the CNDA of June 2005 was not properly executed, and therefore is not binding, because it was not signed by two officers of Alvion Properties, Inc. Defendants assert that Donald M. Medley, who signed this document, was not actually an officer of the corporation. First, this argument relies upon documents outside the complaint itself, and therefore is not properly an argument to be raised on a motion to dismiss for failure to state a claim under Rule 12(b)(6). Even if this were a proper argument, the copy of the CNDA filed of record (Docket Entry No. 146-1) appears to be fully executed. Defendants have pointed to no provision of this agreement nor any legal authority supporting their argument that two signatures of corporate officers are required in order to make the CNDA legally enforceable. In the absence of such provision or authority, the Magistrate Judge finds that, under the standard of review for a motion to dismiss under Rule 12(b)(6), defendants' argument on this point must fail.

Defendants further argue that plaintiff Shirley Karnes Medley can assert no claim under the CNDA because she was not a party to that agreement. It does appear that Ms. Medley did not sign the CNDA. This fact, however, is not fatal to claims asserted by other plaintiffs who are parties to this agreement. Based upon evidence presented by the parties at trial, the Court and jury may decide which plaintiffs have presented evidence sufficient to prevail on which claims. The undersigned finds, however, that the fact that Ms. Medley did not sign the CNDA does not, as a matter of law, preclude claims by all plaintiffs based upon alleged breaches of this agreement by defendant Weber.

Defendants next argue that the irrevocable stock powers dated September 3, 2007, "are and remain valid enforceable contracts." (Docket Entry No. 603 at 4). Defendants then offer a number of factual arguments why plaintiffs Medley and Reynolds executed these stock powers "of their own free will, without duress and that the ISPs represent valid, fully enforceable and binding irrevocable instruments." (Id.) These arguments ignore the standard of review on a motion to dismiss pursuant to Rule 12(b)(6), which requires that the court accept all factual pleadings of a complaint as true. In paragraphs 37 and 38 of the first amended complaint, plaintiffs allege that defendant Weber while acting as a consultant and officer of Alvion Properties, presented plaintiffs Medley and Reynolds with the subject irrevocable stock powers and made representations to them which plaintiffs allege in paragraph 79 were false and fraudulent, and upon which plaintiffs Medley and Reynolds reasonably relied in executing these stock powers. The Court, at this point, is required to accept these allegations as true. If plaintiffs succeed at trial in proving these allegations, the Court would be justified in voiding these stock powers as tainted by fraud in the inducement. See e.g., Lamb v. MegaFlight, Inc., 26 S.W.3d 627, 630-31 (Tenn. Ct. App. 2000).[2]

---

[2]Along with their reply in support of their motion to dismiss (Docket Entry No. 625), defendants filed a declaration of defendant Bernd H. Weber (Docket Entry No. 626). The stated purpose of this declaration is to summarize the consideration that defendant Weber asserts that he provided to plaintiffs in return for the irrevocable stock powers and other agreements between these parties.

The presence or absence of consideration does not affect the undersigned's analysis above regarding the sufficiency of

Defendants also seek dismissal of Count V of the first amended complaint, which asserts a claim for breach of the duty of good faith and fair dealing. Tennessee law provides that every contract imposes upon the parties a duty of good faith and fair dealing in the performance and interpretation of the contract. <u>Wallace v. National Bank of Commerce</u>, 938 S.W.2d 684, 686 (Tenn. Ct. App. 1996). This duty requires a contracting party to do nothing that will have the effect of impairing or destroying the rights of the other party to receive the benefits of the contract. <u>Winfree v. Educators Credit Union</u>, 900 S.W.2d 285, 289 (Tenn. Ct. App. 1995).

According to the allegations in the amended complaint, which for purposes of the pending motion must be taken as true, defendants, and especially defendant Weber, had multiple agreements with plaintiffs. Plaintiffs further allege that defendants, in multiple ways, breached these agreements and thereby deprived plaintiffs of the benefit of these contracts. Accepting these claims as true, the undersigned Magistrate Judge finds that plaintiffs have stated a claim for breach of the duty of good faith and fair dealing under Tennessee law.

For the foregoing reasons, the undersigned Magistrate Judge finds that defendants' motion to dismiss Counts V and VII of the first amended complaint should be denied.

---

plaintiffs' allegations of fraud in the inducement.

**RECOMMENDATION**

For the reasons stated above, the undersigned Magistrate Judge finds that defendants' motion to dismiss Counts V and VII of the first amended complaint (Docket Entry No. 602) be DENIED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from service of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).

**ENTERED** this 31st day of October 2012.

                                            s/ John S. Bryant
                                            JOHN S. BRYANT
                                            United States Magistrate Judge