```
                     UNITED STATES DISTRICT COURT
                  FOR THE MIDDLE DISTRICT OF TENNESSEE
                           NASHVILLE DIVISION
```

ALVION PROPERTIES, INC., SHIRLEY )
K. MEDLEY, and HAROLD M.         )
REYNOLDS,                        )
                                 )
         Plaintiffs,             )
                                 )
              v.                 )   NO. 3:08-0866
                                 )   Judge Sharp/Bryant
BERND H. WEBER, RAYMONDE WEBER,  )   **Jury Demand**
CLAUDE J. CHAUVEAU, AMERICAN     )
GULF FINANCE CORP., ALVION       )
PARTNERS, LLC, AGF REALTY        )
SOLUTIONS, INC., TIMEDATA        )
HOLDINGS, LLC,                   )
                                 )
         Defendants.             )
                                 )
BERND H. WEBER, CLAUDE J.        )
CHAUVEAU,                        )
                                 )
         Counter-Claimants,      )
                                 )
Harold M. Reynolds, Shirley K.   )
Medley, Donald M. Medley,        )
Farmers State Bank Of Alto Pass, )
Brad Henshaw, Allain de la       )
Motte, Elizabeth Melland,        )
Robert M. West, Melland Group,   )
LLC,                             )
         Counter-Defendants.     )

TO: The Honorable Judge Kevin H. Sharp

                       **REPORT AND RECOMMENDATION**

        Defendants Bernd H. Weber and Claude J. Chauveau have filed their motion to dismiss all counts of the first amended complaint[1] pursuant to F.R.C.P. Rules 9(b) and 12(b)(6) (Docket

---

[1] On July 26, 2012, after defendants filed this motion to dismiss, the Court granted plaintiffs leave to file a second amended complaint (Docket Entry No. 608). This amendment does not affect the substantive allegations upon which defendants base

Entry No. 606). Plaintiffs have filed a response in opposition (Docket Entry No. 623), and defendants have filed a reply (Docket Entry No. 624).

For the reasons stated below, the undersigned Magistrate Judge recommends that defendants' motion to dismiss all counts of the first amended complaint be denied.

### **Standard of Review**

In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the court must view the complaint in the light most favorable to the plaintiff, accepting all well-pleaded factual allegations as true. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). This requirement of accepting the truth of the complaint's factual allegations does not apply to legal conclusions, however, even where such conclusions are couched as factual allegations. Id. Although Federal Rule of Civil Procedure 8(a)(2) requires merely "a short and plain statement of the claim," the plaintiff must allege enough facts to make the claim plausible. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007). He must plead well enough so that his complaint is more than "a formulaic recitation of the elements of a cause of action." Id. at 555. "The factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." League of United Latin American Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007).

---

this motion.

While a pro se complaint is "to be liberally construed" and "must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)), "basic pleading essentials" still apply. See Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1990). Moreover, "[d]istrict courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. To do so would 'require . . . [the courts] to explore exhaustively all potential claims of a pro se plaintiff, . . . [and] would . . . transform the district court from its legitimate advisory role to the improper role of advocate seeking out the strongest arguments and most successful strategies for a party.'" Dixie v. Ohio, 2008 WL 2185487, at *1 (N.D. Ohio, May 23, 2008) (quoting Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985)).

## **Analysis**

Defendants Weber and Chauveau by this motion challenge the sufficiency of the pleadings in the first amended complaint in several particulars. First, they argue that the amended complaint fails to state with particularity the circumstances constituting fraud, as required by Rule 9(b) of the Federal Rules of Civil Procedure. Next, defendants insist that the pleadings in the amended complaint amount to "impermissible lumping and comingling of defendants" and "shotgun pleadings." Finally, defendants assert that the amended complaint is subject to dismissal for failure to allege scienter (Docket Entry No. 607). The undersigned will address each of these grounds in order.

3

Rule 9(b) requires that in alleging fraud "a party must state with particularity the circumstances constituting fraud." The rule further provides that "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." In order to satisfy the particularity requirements of Rule 9(b), a plaintiff must allege specifically times, places, contents and victims of the underlying fraud. See <u>Vild v. Visconsi</u>, 956 F.2d 560, 567 (6th Cir. 1992).

The undersigned Magistrate Judge has reviewed the allegations of the first amended complaint and finds that those allegations satisfy the requirement of 9(b) requiring particularity in allegations of fraud. Specifically, the factual allegations from paragraph 22 through paragraph 69 of the 53-page first amended complaint contain detailed factual allegations of the activities of defendants between August 2005 and September 2008 which plaintiffs allege constitute fraud. These paragraphs include names, dates, places, and representations by defendants that plaintiffs claim were false and fraudulent. The undersigned Magistrate Judge finds that these detailed allegations are sufficient to satisfy the particularity requirements contained in Rule 9(b).

Defendants further complain that the allegations of the first amended complaint include what defendants characterize as "impermissible lumping and comingling of defendants." Specifically, defendant Weber complains that the allegations of the amended complaint lump him together with defendants American Gulf Finance Corporation, Alvion Partners, LLC, and AGF Realty Solutions, Inc. Defendant Chauveau similarly complains that the

4

amended complaint lumps him together with defendants Time Data Corporation and Time Data Holdings, LLC.  The undersigned Magistrate Judge finds this argument particularly disingenuous and artful, since defendants Weber and Chauveau have previously admitted in filings in this case that the above-referenced entity defendants were wholly owned and controlled, and were therefore the *alter egos* of defendants Weber and Chauveau, respectively. (Docket Entry No. 177 at 2-3).  Because it appears undisputed in this record that defendants Weber and Chauveau conducted business using these entities that are legally indistinguishable from these individual defendants, the undersigned Magistrate Judge finds that their claims of confusion resulting from being lumped together with their *alter ego* entities is wholly unpersuasive.

Finally, defendants argue that the allegations of the first amended complaint fail adequately to allege <u>scienter</u>.  In the context of this case, the term "<u>scienter</u>" means "a mental state consisting in an intent to deceive, manipulate, or defraud." Black's Law Dictionary 1373 (8th Ed. 2004).  From a review of the factual allegations in the first amended complaint, it appears that plaintiffs have clearly alleged an intent to deceive on the part of defendant Weber and defendant Chauveau in numerous specific transactions and representations involving or relating to plaintiffs.  Whether plaintiffs will succeed in proving their claims at trial remains to be seen.  Nevertheless, the undersigned Magistrate Judge finds that the allegations in the amended complaint have satisfactorily set forth claims of intent to deceive on the part of defendants, and that defendants' motion to dismiss

5

regarding sufficiency of the pleadings is without merit.

For the reasons stated above, the undersigned Magistrate Judge finds that defendants' motion to dismiss all counts of the first amended complaint (Docket Entry No. 606) should be denied.

## **RECOMMENDATION**

For the reasons stated above, the undersigned Magistrate Judge RECOMMENDS that defendants' motion to dismiss all counts of the first amended complaint be DENIED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from service of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court.  Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any responses to said objections.  Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).

**ENTERED** this 2nd day of November 2012.

s/ John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge