UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ALVION PROPERTIES, INC., SHIRLEY K. MEDLEY, and HAROLD M. REYNOLDS,<br><br>      Plaintiffs,<br><br>      v.<br><br>BERND H. WEBER, RAYMONDE WEBER, CLAUDE J. CHAUVEAU, AMERICAN GULF FINANCE CORP., ALVION PARTNERS, LLC, AGF REALTY SOLUTIONS, INC., TIMEDATA HOLDINGS, LLC,<br><br>      Defendants.<br><br>BERND H. WEBER, CLAUDE J. CHAUVEAU,<br><br>      Counter-Claimants,<br><br>Harold M. Reynolds, Shirley K. Medley, Donald M. Medley, Farmers State Bank Of Alto Pass, Brad Henshaw, Allain de la Motte, Elizabeth Melland, Robert M. West, Melland Group, LLC,<br>      Counter-Defendants. | NO. 3:08-0866<br>Judge Sharp/Bryant<br>**Jury Demand** |

## O R D E R

Defendants Bernd H. Weber and Claude J. Chauveau have filed their motion to strike certain allegedly impertinent, scandalous and improperly joined sections of the first amended complaint[1] (Docket Entry No. 583). By this motion, defendants seek

---

[1] On July 26, 2012, the Court granted plaintiffs leave to file a second amended complaint (Docket Entry No. 608). The amendments in this pleading did not affect the paragraphs that are the subject of this motion.

an order striking certain paragraphs of the first amended complaint which, for the most part, consist of allegations of acts or omissions by these defendants involving Melland Group, LLC, and its principals, third-party defendants West and de la Motte.[2] Plaintiffs have not responded to this motion.

Rule 12(f) of the Federal Rules of Civil Procedure provides that a court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. Despite this rule, however, motions to strike are generally disfavored and will be denied unless the allegations have no possible relation or logical connection to the subject matter of the controversy and may cause some form of significant prejudice to one or more of the parties to the action. Mayes v. EPA, 2006 WL 2709237, at *4 (E.D. Tenn. Sept. 20, 2006) (citing 5C Charles A. Wright & Arthur R. Miller *Federal Practice & Procedure* § 1382 (3d ed. 2004)). The Sixth Circuit Court of Appeals has noted that "the action of striking a pleading should be sparingly used by the courts. It is a drastic remedy to be resorted to only when required for the purposes of justice." Brown & Williamson Tobacco Corp. v. United States, 201 F.2d 819, 822 (6th Cir. 1953).

As grounds for their motion, defendants argue that the

---

[2] Defendants seek to have the following paragraphs of the first amended complaint stricken: 30-33, 37, 39-42, 44-45, 47-51, 53-57, 60, 62, 65 and a portion of paragraph 71 (Docket Entry No. 584-1).

2

allegations in the first amended complaint that they seek to have stricken amount to claims of the Melland Group, LLC, and not the plaintiffs, that these claims have not been assigned to plaintiffs, and that these claims are time-barred (Docket Entry No. 584).

The undersigned Magistrate Judge notes that defendants Weber and Chauveau have themselves asserted a third-party claim against the Melland Group, LLC and its principals, Robert West and Allain de la Motte (Docket Entry No. 322). The allegations in defendants' pleading appear to relate to some of the same transactions that are described in the paragraphs of the first amended complaint that defendants by their present motion seek to have stricken. Given the general disfavor with which courts regard motions to strike, and the claims made by defendants Weber and Chauveau in their third-party complaint, the undersigned Magistrate Judge finds that striking particular allegations from the pleadings would be an inappropriate exercise of the Court's discretion.

For this reason, defendants' motion to strike pleadings from the first amended complaint (Docket Entry No. 583) is DENIED without prejudice to defendants' right to object to the admissibility of particular evidence during the course of the trial.

It is so **ORDERED**.

s/ John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge

3

Case 3:08-cv-00866   Document 656   Filed 11/06/12   Page 3 of 3 PageID #: 5744