UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ALVION PROPERTIES, INC., *et al.* ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | No. 3:08-0866 |
| ) | Judge Sharp |
| **BERND H. WEBER,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |
| ************************************ ) | |
| **BERND H. WEBER,** *et al.* ) | |
| ) | |
| **Counter-Claimants,** ) | |
| ) | |
| **HAROLD M. REYNOLDS,** *et al.*, ) | |
| ) | |
| **Counter-Defendants.** ) | |

## ORDER

Defendants Bernd H. Weber and Claude J. Chauveau have filed Objections (Docket No. 657) to Magistrate Judge Bryant's Report and Recommendation ("R & R") (Docket No. 647) which recommends that the "Motion to Dismiss All Counts of the First Amended Complaint" (Docket No. 606) be denied. The Objections will be overruled, and the R & R will be accepted and approved.

In the R & R, Magistrate Judge Bryant found that the First Amended Complaint alleges fraud with sufficient particularity for purposes of Fed. R. Civ. P. 9(b), and adequately alleges *scienter*. In the preface to the legal analysis, Magistrate Judge Bryant stated that "defendants insist that the pleadings in the amended complaint amount to 'impermissible lumping and commingling of defendants[.]'" (Docket No. 647 at 3). Defendants argue this statement is "an apparent misconception

1

of Section F" of their supporting Memorandum because it clearly "reads impermissible lumping of **plaintiffs and defendants**."  (Docket No. 657 at 1, emphasis in original).

Defendants' Memorandum, spanning as it does some 26 pages, is not limited to "Section F," and, on at least seven occasions, complains about the "impermissible lumping and commingling (please see section F. herein) of Defendants Bernd H. Weber, Raymonde Weber, American Gulf, Alvion Partners, Weber, LLC, AGF Realty, Chauveau and TimeData."  (Docket No. 607 at 12, 13, 14, 15 & 16).  While Section F is captioned "Impermissible Lumping and Commingling of Plaintiffs and Defendants" and sets forth some conclusory arguments about the interests of the individual Plaintiffs being commingled, even that Section circles back to the complaint about categorizing Defendants and the allegations made against "all Defendants."  (Id. at 19).  Regardless, Rule 9(b)'s "purpose is to alert defendants 'as to the particulars of their alleged misconduct'" so that they may respond," Chesbrough v. VPA, P.C., 655 F.3d 461, 467 (6th Cir. 2011) (quoting, United States *ex rel.* Bledsoe v. Cmty. Health Sys., Inc., 501 F.3d 493, 503 (6th Cir.2007)), and the First Amended Complaint adequately does so, as Magistrate Judge Bryant found.

Defendants next object because Magistrate Judge Bryant "advise[d]" that he would "address the Defendants' allegations of 'shotgun pleading' in his R & R but then entirely faile[d] to address this important issue[.]"  (Docket 657 at 2).  Actually, what Magistrate Judge Bryant stated was that he would address each of the three grounds of Defendants' motion, with the second being Defendants' insistence "that the amended complaint amount[s] to 'impermissible lumping and commingling of defendants' and 'shotgun pleadings.'" (Docket No. 647 at 3).  Magistrate Judge Bryant did, in fact, discuss the issue of the lumping of Defendants and, while he did not again use the term "shotgun pleadings," he observed:

2

> The undersigned Magistrate Judge has reviewed the allegations of the first amended complaint and finds that those allegations satisfy the requirement of 9(b) requiring particularity in allegations of fraud. Specifically, the factual allegations from paragraph 22 through paragraph 69 of the 53-page first amended complaint contain detailed factual allegations of the activities of defendants between August 2005 and September 2008 which plaintiffs allege constitute fraud. These paragraphs include names, dates, places, and representations by defendants that plaintiffs claim were false and fraudulent. The undersigned Magistrate Judge finds that these detailed allegations are sufficient to satisfy the particularity requirements contained in Rule 9(b).

(Docket No. 647 at 4). Implicit in the observation that the First Amended Complaint was sufficiently detailed enough to satisfy Rule 9(b)'s specificity requirements is the rejection of the argument that the Complaint was an impermissible "shotgun pleading."

Defendants next argue that Magistrate Judge Bryant erred by referencing Docket Entry No. 177 for the proposition that Defendant Chauveau conducted business through TimeData Corporation as his alter ego. Even if true, Magistrate Judge Bryant was making the general observation that it was "particularly disingenuous" for Defendants to complain about the "lumping" of individual and corporate Defendants in light of their alter ego status, an observation which is, in fact, supported by the following language in Docket Entry No. 177:

> Other than for TimeData Corporation, which has been rightfully dismissed from this matter, and Weber LLC, which Defendants aver they have absolutely no knowledge of, Individual Defendants do not dispute that at all times relevant to the First Amended Complaint the remaining Entity Defendants referenced were the alter egos of the respective Individual Defendants. Hence, pursuant to the Alter Ego Doctrine, since there is in fact no true separation between the Entity and Individual Defendants, and given the Plaintiffs' allegations, the Entity Defendants and Individual Defendants are therefore an inseparable amalgam of their joint responsibilities and liabilities.

(Docket No. 177 at 2).

Defendants next state that Magistrate Judge Bryant "did not object" to Sections B, D and E of their Memorandum and therefore he must have "accepted the analysis as factually correct." (Docket Entry No. 657 at 2). This is an improper assumption for the Magistrate Judge is not called upon to

3

"object" to anything while formulating an R & R. Regardless, the assumption gets Defendants nowhere because Magistrate Judge Bryant properly found the First Amended Complaint sufficient.

Finally, Defendants invite "this Court to conduct an analysis of the allegations of fraud on a count-by-count basis as laid out in Defendants' Memorandum," and dismiss the First Amended Complaint because it is a "shotgun pleading." (Id. at 2 & 3). The Court declines this invitation.

The Court has read the Second Amended Complaint and thoroughly considered Defendants' arguments for dismissal. Nevertheless, the Court finds that paragraphs 19 though 65 of the 49-page Second Amended Complaint contain detailed factual allegations of the fraudulent activities of Defendants, including names, dates, places, and representations by Defendants that Plaintiffs claim were false and fraudulent, just as Magistrate Judge Bryant found paragraphs 22 through 69 of the First Amended Complaint sufficient for purposes of Rule 9(b).[1]

Accordingly, the R & R (Docket No. 647) is hereby ACCEPTED and APPROVED, Defendants' Objections thereto (Docket No. 657) are hereby OVERRULED, and Defendants' "Motion to Dismiss All Counts of the First Amended Complaint" (Docket No. 606) is hereby DENIED.

It is SO ORDERED.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE

---

[1] As Magistrate Judge Bryant observed, Plaintiffs were granted leave to file a Second Amended Complaint shortly after Defendants filed their Motion to Dismiss. However, the complaint as amended does not affect the substantive allegations upon which Defendant's Motion to Dismiss is based.

4